John Gihon *v.* The Belleville White Lead Company
and others .

A bill by a subsequent mortgage against the mortgagor and prior mortgagees neither admitted nor denied the prior mortgages ; and its prayer was, that the mortgagor be decreed to pay the complainant's mortgage, or that, in default thereof, the mortgagor and prior mortgaees be barred and foreclosed from all equity of redemption ; and that the mortgaged premises be sold, and that out of the proceeds the complainant might be paid the amount of his mortgage ; and for such other and further relief &c. A demurrer filed by the prior mortgagee was allowed.

A bill by a subsequent mortgagee, making a prior mortgagee a party, may pray a sale of the interest mortgaged, a sale subject to the incumbrance of the prior mortgage ; or, that he may be permitted to redeem the prior mortgage and have the premises sold to pay such redemption money and his own mortgage ; or, that the mortgaged premises may, if the prior mortgagee consent thereto, be sold, and that out of the proceeds the mortgages may be paid according to priority.

A prior mortgagee is not bound to notice the bill of a subsequent mortgagee filed on his mortgage, though he is made a defendant in the bill.

If, upon a bill by a subsequent mortgagee as usually drawn here, the prior mortgagee takes such a course, either by answer, or by putting in his mortgage before the Master, as shows his consent, the mortgaged premises will be ordered to be sold, and the mortgages directed to be paid according to priority.

Bill filed January 3, 1848, stating that, on the 1st Dec. 1846, Horatio N. Fryatt and Geo. W. Campbell gave their bond to Jas. McCullough, conditioned for the payment of $30,000, in one year, with interest semi-annually; and that, to secure the payment of the said bond, the said Fryatt, with his wife, and the said Campbell, with his wife, on the same day, gave a mortgage to McCullough on the property in the bill described. That this mortgage was acknowledged on the 3d, and recorded on the 8th Dec. 1846. That on the 10th Dec. 1846, McCullough assigned the said bond and mortgage to John Gihon, the complainant. That since the date of the said bond and mortgage, and on or about March 15, 1847, the said Fryatt and Campbell, with their respective wives, conveyed the said premises to " The Belleville White Lead Company."

That prior to the giving of the mortgage before mentioned, and on the 1st April, 1845, John B. Hinton and Jas. A. Moore, being or pretending to be seized of the premises, gave a mortgage thereon to John Day, to secure the payment of $12,000, which mortgage is recorded &c. ; and which was afterwards assigned to Henry Ellsworth ; but whether the same is unpaid this complainant is not informed, and neither admits or denies, but leaves the party setting up and claiming the same to such proof as the law and this court shall direct.

That after the execution of the last mentioned mortgage, and before the execution and delivery of the mortgage held by the complainant, the said Hinton and Moore, with their wives, executed and delivered a mortgage on the same premises to " The President, Directors and Company of the Union Bank," to secure the payment of $41,442 76 ; but whether the same be satisfied or is still a lien upon the said premises the complainant neither admits nor denies, but leaves the party claiming the same to such proof as the law requires and this court shall direct. And that said last mentioned mortgage was and is assigned to the said Henry Ellsworth.

That, after the execution and delivery of the two last mentioned mortgages, one Evert Bancker, (to whom the said premises had before been conveyed,) on or about the 11th April, 1836, (this is probably a mistake : it should be 1846,) to secure to one Mary E. De La Montague the payment of $6,000, executed a mortgage on the said premises, which was registered on the 18th July, 1836, (1846 ;) but whether the said mortgage be paid and satisfied, in part or in whole, the complainant is not informed and cannot tell ; and whether and to what amount it is a lien on the premises the complainant neither admits nor denies, but leaves the parties interested therein to such proof as the law requires and as this court shall direct.

That, on or about Oct. 26, 1839, Henry S. Dodge and his wife, to which Henry S. Dodge the said premises had before been conveyed, executed and delivered to Mary E. De La Montague a mortgage on the premises to secure the sum of $4,500 ; which mortgage is recorded ; but whether it is still a lien on the prem-

ises, or to what extent, the complainant neither admits or denies; but leaves &c. (as before.) That the said Fryatt and Campbell and the said "The Belleville White Lead Company" have at all times possessed and enjoyed, and still do possess and enjoy the said premises.

That the complainant has frequently applied to the said Fryatt and Campbell and requested them to pay him the principal and interest due to him on his said mortgage.

But now so it is, that the said "The Belleville White Lead Company," Henry Ellsworth and Mary E. De La Montague, combining &c., pretend (among other pretenses stated) that there are other incumbrances upon the said premises, prior to the complainants said mortgage; but when given, and to whom, or for what consideration, or what is the nature thereof, they refuse to discover; whereas the complainant charges that there are no such prior incumbrances as is pretended, or, if any such do exist, they are fraudulent and void as respects the complainant, or have been paid off and satisfied, and are kept on foot for fraud, to the injury and prejudice of the complainant, who had no notice thereof, and ought to be decreed to be delivered up to be cancelled, or declared to be of no effect against the complainant.

The bill prays, that the said "The White Lead Company," to whom the premises have been conveyed by the said Fryatt and Campbell since the giving of the complainant's mortgage, may be decreed to pay the principal and interest due on the complainant's mortgage, by a short day; and in default thereof that the said "The Belleville White Lead Company," Henry Ellsworth, and Mary De La Montague may be barred and foreclosed of and from all equity of redemption or claim of, in and to the premises so mortgaged to the said James McCullough by the said mortgage assigned by him to the complainant; and that the said premises may be sold; and that out of the moneys arising from the sale the complainant may be paid the principal and interest due on his said bond and mortgage.

"The Belleville White Lead Company," Henry Ellsworth and Mary E. De La Montague are made defendants.

To this bill Henry Ellsworth demurred; and for the cause of demurrer shows, that it appears, among other things, by the said bill, that the same was filed to foreclose a certain mortgage given by Fryatt and Campbell, with their wives, to McCullough, and by him assigned to the complainant; and that the complainant seeks also, by said bill, to foreclose a mortgage made by Hinton and Moore and their wives to John Day, and by said Day assigned to Henry Ellsworth, this defendant, and a mortgage made by said Hinton and Moore to "The President, Directors and Company of the Union Bank," and assigned by the said Bank to Henry Ellsworth, this defendant, which said mortgages are, as appears by the bill, incumbrances prior the complainant's mortgage; which the complainant has no power to do.

And for further cause of demurrer he shows, that the bill does not admit the validity of the mortgages held, as set forth in the bill, by this defendant, nor offer to redeem the same, nor pray any redemption; but seeks to contest the validity of the said mortgages in this court.

And for further cause of demurrer he shows, that the complainant, in and by his said bill, seeks to foreclose the mortgages of this defendant set forth in the bill, and sell the mortgaged premises discharged of the same, without the consent of this defendant and against the will of this defendant.

And for further cause of demurrer shows, that the complainant shows no title to any discovery from or relief against this defendant; and can only foreclose and sell the said mortgaged premises, under the said mortgage held by the complainant, subject to all the liens and rights of this defendant by virtue of his said prior mortgages. And that the said bill is multifarious, and joins distinct matters together which ought not to be united in one bill.

And, lastly, that the complainant has not by his bill shown any ground of equity to entitle him to the relief sought against this defendant.

*Wm. M. Scudder* in support of the motion. He cited 1 *Green's Ch.* 396, 401; *Seaton's forms,* 172, note, 167, 8; 11

*Wheat.* 304; 1 *Paige,* 284; 4 *Eq. Dig.* 443, sec. 18; *Ib.* 453, sec. 11; 3 *Edw.* 106; *Rev. Stat.* 917, 18, sec. 64, 65.

*J. Chetwood* contra.

THE CHANCELLOR.   A prior mortgagee is not bound to notice the bill of a subsequent mortgagee filed on his mortgage, though he is made a defendant in the bill.   The interest mortgaged to a subsequent mortgagee is an interest subject to the prior mortgage.   The subject matter of the subsequent mortgage is the property or interest which the mortgagor has remaining in him after having given the first mortgage.   This interest thus mortgaged to the subsequent mortgagee is an interest well known and understood, and may be foreclosed or sold under the decree of this court, on a bill by the subsequent mortgagee against the mortgagor of that interest.   The subsequent mortgagee, on filing a bill for the foreclosure or sale of that interest, is not bound to make the prior mortgagee a party to his proceeding.

The prior mortgagee, though made a defendant, and served with process in the suit of the subsequent mortgagee, may take no notice of that suit, and file his bill on his own mortgage, and make the subsequent mortgagee a party.   This is so from the nature of the different interests mortgaged.   If it were not so, the control of the first mortgagee over his own securities, as to the time when he will inforce them, and as to the time and mode of selling the property on execution, might be taken away from him by any person who might choose to make a loan and take a mortgage subject to his.

The subsequent mortgagee may file a bill either for a foreclosure and sale subject to the prior mortgage, or a bill to redeem the prior mortgages and for a sale to raise the redemption money and the amount of his own mortgage; or, if he files a bill and makes the prior mortgagee a party, and makes the proper prayer, and the prior mortgagee, by the course he takes in that cause, consents to it, the court may make a decree for the sale of the property, and that out of the proceeds the mortgages be paid according to priority.

In this case the bill is filed by a subsequent mortgagee and the prior mortgagee is made a party defendant. He need not have noticed the proceeding at all. But he filed a demurrer to the bill; and one cause of demurrer assigned is, that the complainant asks to have the mortgaged property sold, and to be paid the amount of his mortgage out of the proceeds of the sale.

I think the bill and the prayer of it are not properly framed. It neither admits nor denies the prior mortgages; and its prayer is, that the mortgagor be decreed to pay the amount of the complainant's mortgage, or that, in default thereof, the mortgagor and prior mortgages may be barred and foreclosed from all equity of redemption or claim of, in and to the mortgaged premises; and that the mortgaged premises may be sold, and that out of the proceeds he may be paid the amount of his mortgage; and for such other and further relief &c.

The facts stated in his bill do not entitle him to either branch of the specific relief prayed; nor to any relief under the general prayer. What he cannot get without the consent of the prior mortgagee he may properly be said not to be entitled to. He has neither prayed that the equity of redemption mortgaged to him may be sold, or that he may be permitted to redeem.

A man holding a subsequent mortgage may file a bill stating that a prior mortgage has been given, and setting up that it is fraudulent, or void, or has been paid, and ask to have it so decreed, and make the person holding it a party, and ask to have the premises sold to pay the mortgage; and if he shows that the prior mortgage is void, or has been paid, it will be put out of his way. But if it turn out that the prior mortgage is good, the mortgaged premises cannot be sold to pay the prior mortgages without the consent of the prior mortgagee; all that the subsequent mortgagee could sell, without the consent of the prior mortgagee, would be the equity of redemption mortgaged to him.

I do not consider this a bill of that character. The complainant sets out the prior mortgages, and says, as to each of them, that he neither admits nor denies it. He then says, that the mortgagor and prior mortgagees, combining &c, pretend that there are oth-

or incumbrances, prior to his mortgage; whereas he charges there are no such prior incumbrances as is pretended, or, if any such do exist, they are fraudulent and void as against him, or have been paid off, and ought to be decreed to be delivered up to be cancelled or declared to be of no effect against him.

This cannot be considered as a bill attacking the validity of the mortgages which the complainant has set out in his bill as prior to his, and which he says he neither admits nor denies.  The stating part of the bill shows nothing against the validity of those mortgages; makes no allegation of any facts or circumstances on which the complainant relies as a ground on which to contest their validity.

As a bill in the other aspect, *i. e.*, with a view of obtaining a sale of the mortgaged premises to pay the mortgages according to their priority, the bill is defective.   It prays for nothing to which he would be entitled as a subsequent mortgagee.

A bill by a subsequent mortgagee, *i. e.*, a mortgagee of the equity of redemption, may pray a sale of the interest mortgaged to him, a sale subject to the incumbrance of the prior mortgage; or, that he may be permitted to redeem the prior mortgage and have the premises sold to pay such redemption money and his own mortgage; or, that the mortgaged premises may, if the prior mortgagee consent thereto, be sold, and that out of the proceeds the mortgages may be paid according to priority.

But if the prior mortgagee refuses to consent to a sale on his mortgage, the complainant on the subsequent mortgage must take one of the other modes of relief prayed.

He can at least obtain a sale subject to the incumbrance of the prior mortgage.

If upon a bill by a subsequent mortgagee as usually drawn here, the prior mortgagee takes such a course, either by answer, or by putting in his mortgage before the master, as shows his consent, the mortgaged premises will be ordered to be sold, and the mortgages directed to be paid according to priority.

The complainant in this case asks nothing which he is entitled

to as against the prior mortgagees, and therefore should not have brought them into court.

Demurrer allowed ; with leave to amend.

Order accordingly.