This is a suit to foreclose a second mortgage. It is now before the court on a motion made by three defendants to dismiss the bill against them on the ground that they are not proper parties.
Passaic Arms, then the owner of the premises, executed a first mortgage thereon to defendant Fidelity Union Trust Company, one of the moving parties, as trustee, to secure a bond issue of $215,000. This mortgage was duly recorded. The second mortgage sought to be foreclosed of which complainant *Page 508 
is the owner is subordinate to this mortgage for it expressly recites that it is "subject and subordinate to a mortgage made by Passaic Arms, a corporation of New Jersey, to Fidelity Union Trust Company, a corporation of New Jersey, as trustee, dated May 1st, 1926, and recorded in the Passaic county clerk's office June 17th, 1926, for $215,000."
The amended bill alleges that the owner and Empire Bond and Mortgage Corporation, another of the moving parties, entered into a certain agreement whereby it was agreed that the money realized from the sale of the bonds secured by the first mortgage should be advanced at certain times under certain terms and conditions and further alleges that neither the Fidelity Union Trust Company nor the Empire Bond and Mortgage Corporation have paid out the sum of $215,000 but there has been paid out a much less sum. The prayer in the bill, apart from the ordinary one for foreclosure of the second mortgage, is that the two corporation defendants make discovery as to what sums have been paid out and advanced on account of the first mortgage and to render an account of all sums received or disbursed by them under the mortgage.
The three moving defendants have appeared specially and have not waived any of their rights to have the bill dismissed as against them by the filing of any answer or by asking for any affirmative relief.
There is no warrant for bringing in these two corporation defendants as they are not proper parties to this suit. The reason advanced by complainant is that by showing the amount due on the first mortgage is less than its face, an announcement of this fact can be made on the foreclosure sale and a larger sum realized at the sale for the equity above the first mortgage. But complainant is not in a position on the facts alleged in the bill to question the amount of the lien of the first mortgage. No suggestion or claim is made that any payment has been made on account of it. The first mortgagee should not be brought into court to litigate the questions raised by the allegations of the bill. *Page 509 
The principle applicable is that laid down in Gihon v.Belleville White Lead Co., 7 N.J. Eq. 531. The chancellor there said (at p. 535):
"A prior mortgagee is not bound to notice the bill of a subsequent mortgagee filed on his mortgage, though he is made a defendant in the bill. The interest mortgaged to a subsequent mortgagee is an interest subject to the prior mortgage. The subject-matter of the subsequent mortgage is the property or interest which the mortgagor has remaining in him after having given the first mortgage. This interest thus mortgaged to the subsequent mortgagee is an interest well known and understood, and may be foreclosed or sold under the decree of this court, on a bill by the subsequent mortgagee against the mortgagor of that interest. The subsequent mortgagee, on filing a bill for the foreclosure or sale of that interest, is not bound to make the prior mortgagee a party to his proceeding.
"The prior mortgagee, though made a defendant and served with process in the suit of the subsequent mortgagee, may take no notice of that suit, and file his bill on his own mortgage, and make the subsequent mortgagee a party. This is so from the nature of the different interests mortgaged. If it were not so, the control of the first mortgagee over his own securities, as to the time when he will enforce them, and as to the time and mode of selling the property on execution, might be taken away from him by any person who might choose to make a loan and take a mortgage subject to his."
The first mortgage was evidently the ordinary trust mortgage to secure a corporate bond issue. The bond issue was in the present case in the amount of $215,000. It is a well known course of practice to secure the entire bond issue by a mortgage and then dispose of the bonds from time to time on various terms. The entire bond issue takes effect and has validity irrespective of when or how many of the bonds have been placed with investors at the time of execution of the mortgage or subsequently. This rule is laid down in Central Trust Co. v. Continental Iron Works,51 N.J. Eq. 605, where the court of errors and appeals, referring to a *Page 510 
mortgage such as that here, quotes with approval the following language from various decisions of other states:
"The bonds being for sale on the mortgage, and passing into the hands of unknown bona fide holders, it would be against public policy to allow subsequent liens to interfere with the apparent priority of the mortgage. * * * Aside from these adjudications the bonds of corporations, secured as are these bonds, are dealt with in commercial transactions and are treated, almost without exception, by the courts as a class by themselves, not subject in all respects to the stricter rules which obtain between natural persons. * * * If this well established doctrine is shaken, it will destroy the value of millions of securities of railroad and other corporations which have been negotiated on the faith of the priority of the mortgage which secures their issue."
Since the complainant's mortgage was expressly made subject to a lien of $215,000, complainant cannot be heard in this court to question the amount due under the first mortgage. I do not consider that this bill is other than a suit to foreclose the equity of redemption of the second mortgage, and accordingly it falls within the principle laid down in Hudnit v. Nash,16 N.J. Eq. 550, to the effect that a first mortgagee is not a proper party to a foreclosure of a second mortgage. In that case the second mortgagee attacked the validity of the first mortgage on the ground that it was usurious. The court of errors and appeals held that if the first mortgagee had demurred, instead of answering the bill and asking relief, the court should have dismissed the bill as against him.
The motion will be granted as to the defendants Fidelity Union Trust Company and Empire Bond and Mortgage Corporation. As to defendant Hartung, the third moving party, he appears to have an interest in the equity in the premises and is therefore a proper and even necessary party, so that his motion will be denied with leave to answer. *Page 511