## BREWINGTON *v*. PATTON AND SWAN.

The errors assigned should appear affirmatively; and it should also be shown that the party appealing was, in some manner, prejudiced by the ruling appealed from.

Where instructions, purporting to have been given by the court below, are not signed by the judge, or any other person, and it does not clearly appear that they were ever given by the court, they will not be noticed in the appellate court.

Where it does not appear that instructions were excepted to, at the time when given, their propriety cannot be considered by this court.

Whether the instructions of the court, unless exceptions are taken, become a part of the record, *quere?*

Under the eighth rule of the Supreme Court, which provides that assignments of error must not be vague and general, but explicit, pointing out, with reasonable clearness, the objection to the judgment appealed from, an assignment of error as follows: "The court charged the jury on questions of fact," is too general to be considered by the court.

## *Appeal from the Henry District Court.*

TRESPASS by Brewington against Patton and Swan, for the wrongful taking and sale of certain property named in the petition.  Judgment in the court below for plaintiff, and defendants appeal.  The errors assigned are as follows:

1. The admission in evidence of a certain chattel mortgage, and the assignment thereon.

2. The giving of the fourth instruction asked by plaintiff.

3. The court charged the jury on questions of fact.

*D. Rorer*, for the appellants.

*J. C. Hall*, for the appellee.

WRIGHT, C. J.—The first point has been quite fully argued by counsel, and numerous authorities are cited. According to the view we take of the case, however, it will be unnecessary to examine the authorities or points made. The ruling of the court below, with regard to the admission

of the mortgage, is set forth in a bill of exceptions. The mortgage itself is, not embodied therein, nor is there any reference to it, so as to make it a part of the record. All that appears is, that plaintiff proposed to introduce in evidence the assignment on a certain chattel mortgage, to ·which defendants objected. The mortgage, it is shown, was taken in the name of his client, by A. Hall, Esq., to secure a debt which he was collecting for him, and by Hall assigned to plaintiff. It was objected that the attorney's authority to make the assignment was not sufficiently shown. The assignment was admitted, and defendants excepted. How this assignment was connected with the case, or the issues made, or in·what manner defendants were prejudiced by its admission, does not appear. It does not even appear, in any legitimate method, that the mortgage related to the property in controversy. We will certainly not presume prejudice to defendants, or that there was error in this ruling, unless we have more before us than is shown from this obscure record. As far as shown, then, it is immaterial whether Hall had authority to make the assignment or not. Errors assigned should appear affirmatively, and it should also be shown that the party appealing, was in some manner prejudiced by the ruling appealed from. This has been frequently settled. *Dunham* v. *Benedict*, 1 G. Greene, 74; *Mackemer* v. *Benner*, 1 Ib. 157; *Saum* v. *Jones Co.*, 1 Ib. 165; *Hemphill* v. *Sallady*, 1 Ib. 301; *Johnson et al.* v. *United States*, Morris, 423; *Fanning* v. *McCraney*, Ib. 398; *Peck* v. *Ayres*, Ib. 493.

It may be said that this materiality and prejudice is shown from the instructions given in the case. The answer to this must be conclusive. In the first place, what purports to be the instructions, are not signed by the judge or any other person, nor does it appear clearly that they were ever given by the court. Such instructions we cannot notice. But if we could, it appears therefrom affirmatively, that defendants were not prejudiced by the admission of this assignment. The mortgage was withdrawn from the jury, and they were told that plaintiff could not maintain his title to the prop-

Brewington v. Patton and Swan.

erty thereby.    If there is anything apparent by this record, it is, that this was all defendants asked or claimed.    So the prejudice is expressly negatived, unless indeed, the jury were confused and misled, which is not pretended.

The defendants say the fourth instruction asked by plaintiff, and given by the court, is not law.    It does not appear to have been excepted to at the time it was given, and, therefore, we do not consider it.    Whether these instructions become a part of the record, unless exceptions are taken, we do not see proper to inquire.    It is sufficient to say, that this court has frequently held, that no assignment will be regarded, unless exceptions were taken at the time the instructions were given.    We shall not change this settled ruling at present.    We intimate no opinion, however, as to the proper construction of the sections of the Code, bearing on this question.

The third assignment is disposed of by the views above stated.    Another and sufficient reason for not regarding it, however, is, that the error is too vaguely and generally assigned.    The eighth rule of this court expressly provides, that the assignments of error must not be vague and general, but explicit, pointing out with reasonable clearness, the objection to the judgment appealed from.    Here are five pages of what purport to be the instructions of the court.    In some part thereof, it is said, the court charged the jury on questions of fact.    This is too general.    To regard such assignments would be, to do violence to the letter and spirit of the rule.    The rule designed to give the parties an opportunity to be fairly heard, and to prevent confusion and uncertainty.    It had a particular purpose in view.    That design and purpose, we shall seek studiously to enforce.

Judgment affirmed.