## RUDDELL ET AL. VS. AMBLER.

Although the statute (Dig. ch. 90 sec. 7,) makes all bonds, bills, notes, assurances, conveyances, and all other contracts or securities whatsoever, taken upon a usurious consideration, void: yet if the debtor comes into a Court of chancery to set aside such contract, on account of usury, he must, before he shall be entitled to relief therefrom, whether the usury be established by the answer, or other proof, pay or offer to pay the principal actually borrowed, or advanced to him, with legal interest.

A mortgage with power of sale, or deed of trust, given to secure the payment of money advanced or loaned upon a usurious contract, is void, and will be so decreed by a Court of equity; but where the debtor comes into Court to set aside such conveyance, the Court will hold the property pledged, as a security for the payment of the sum actually loaned with legal interest.

Where the debtor comes into a Court of equity to be released from a usurious contract, or to set aside the securities given therefor, he must pay, or tender the whole amount of principal and interest; or the Court will, upon demurrer, dismiss his bill: but if the defendant answer the bill generally, the Court will proceed to render such decree as may be consistent with equity and good conscience.

*Appeal from the Circuit Court of Independence county in Chancery.*

Hon. Beaufort H. Neely, Circuit Judge.

Jordan for the appellants.

The complainant was not entitled to the relief prayed for in his bill, for the reason that he did not bring into Court, or offer in

his bill to pay the amount really due, with legal interest thereon; and his bill should have been dismissed with costs, etc. 1 *Story's Eq. Jur. sec.* 64; *Fanning vs. Dunham,* 5 *J. C. R.* 122; *Eagle vs. Shotwell,* 1 *J. C. R.* 536; *Rogers vs. Rathburn,* 1 *J. C. R.* 367; *Tupper et al. vs. Powell, Ib.* 436; *McRaven et al. vs. Forbes,* 6 *How.* (*Miss.*) *Rep.* 569; 15 *J. R.* 555; 2 *Dess.* 341; 1 *Paige Rep.* 544; 4 *Bibb* 460; 5 *Dana* 83.

Mr. Justice HANLY delivered the opinion of the Court.

This was a bill in chancery, brought by the appellee against the appellants, in the Independence Circuit Court, praying, among other matters, that the appellant, Ruddell, might be enjoined or restrained from proceeding to recover judgment against the appellee, on the law side of the Court, upon a certain money bond, on the ground that it was usurious and void; and that the appellants might further be restrained from foreclosing, by sale, a certain deed of trust, which had been made and executed by the appellee to the appellant, Byers, as trustee for his co-appellant, Ruddell, to secure the payment of the alleged usurious money bond, upon which the action sought to be enjoined, was alleged to be founded.

Both appellants filed separate answers, and on the coming in of their answers, the appellee filed an amended and supplemental bill, in which it was charged that, since the exhibition of his original bill, the appellant, Byers, had proceeded to foreclose and sell the land named and specified in the deed of trust made to him, as trustee for his co-appellant, to secure the payment of the usurious debt set forth in his original bill; that appellant, Ruddell, had become the purchaser of the land, under such sale, for the price of four hundred dollars, which sum was entered as a credit on the usurious money bond; and praying, among other matters, that the sale by Byers to Ruddell, under the deed of trust, might be cancelled and declared void—that the possession of the land might be divested out of Ruddell and restored to appellee, and that both appellants might be perpetually enjoined from further proceeding under the deed of trust, and the asser-

tion of title under the sale and purchase of the land there-
under.

The appellants filed separate answers, also, to the amended
and supplemental bill. Issue was taken to the several answers
of the appellants, by replications in short, by consent.

The pleadings being thus made up in the cause, it was set
down for hearing upon the original, amended and supplemen-
tal bills, the answers of the appellants to each, and the replica-
tions of appellee to those answers, and the several exhibits
made by the parties respectively.

The cause was heard on the 26th March 1855, when,
the record shows, the following facts, in substance, were elici-
ted:

That on or about the 21st March, A. D. 1854, the apellant,
Ruddell, at the pressing solicitations of appellee, let him have
in cash the sum of $350, and agreed to pay, and did afterwards
pay, for him, certain liabilities, judgments and costs, amounting
in the aggregate to the further sum of about one hundred and
fifty-six dollars, which, added to the other sum loaned him in
cash, makes the aggregate sum of about five hundred and six
dollars—appellant Ruddell, at the same time, agreeing with the
appellee to hold him harmless against the liabilities, judgments
and costs assumed, and that, at the time of the advance of the
sum of $350, and the agreement to pay the residue, to wit, on
the 21st march, 1854, the appellee, in consideration thereof, ex-
ecuted and delivered to Ruddell his writing obligatory or money
bond, of that date, payable to Ruddell, four months thereafter,
for $600, bearing interest after due at the rate of ten per centum
per annum; and that on the same day, and of the same date,
the appellee, to secure the payment of the writing obligatory or
money bond, executed and delivered to the appellant, Byers, a
deed of trust on a tract of land lying in Independence county,
with full power to sell the same to the highest bidder, and with
the proceeds to pay off and extinguish the writing obligatory or
money bond. That the deed of trust so executed was duly ac-
knowledged and recorded in the county of Independence, as the
law in such cases directs and requires, and that under the power

to sell contained therein, Byers, in conformity therewith, on the 31st August 1854, sold the land, and Ruddell became the purchaser for the sum of $400. That Byers conveyed the land, so sold and purchased, to Ruddell, by deed dated 2d Sept. 1854, which was also duly acknowledged and recorded in the county of Independence, and that Ruddell had commenced an action of debt, on the law side of the Independence Circuit Court, to coerce the collection of the balance due on the writing obligatory or money bond, after the credit of the $400 was given thereon, as the price and value of the land sold by Byers to Ruddell, under the deed of trust as above.

On this state of facts, the Court below, upon the hearing, decreed that the consideration, for which the writing obligatory and deed of trust had been executed, was usurious in the purview of the statute in such case made and provided, and as such that those securities were void in law and equity: declaring, also, that the sale by Byers to Ruddell, under the deed of trust, was also void, and that the conveyance should not,. and in conscience ought not to invest the latter with any right or title to the lands therein described and specified, and directed that the writing obligatory, the deed of trust made to secure it, and the deed from Byers to Ruddell, should be given up to be canceled: that Ruddell be perpetually injoined from proceeding with his action at law to collect the residue of the debt set forth in the writing obligatory or money bond, and forever restrained and inhibited from setting up his title under Byers to the land sold and purchased under the deed of trust, and that he forthwith quit possession of the tract of land, and yield it to appellee, and that both appellants pay the costs of the suits.

We think proper to remark, at this place, that, notwithstanding there was a prayer for an injunction in the original bill, it does not appear that application was ever made to the chancellor for an injunction in accordance with the prayer of the bill: nor does it appear that an injunction was ever awarded in the cause, until the final hearing, and the final decree was rendered.

Ruddell and Byers prayed an appeal, upon which the cause is now pending in this Court.

The appellants insist that there is error in the decree, in several respects; which we will proceed to consider and determine.

Usury is defined by the books to be, the taking of more interest, for the use of money, than the law allows. And to constitute the offence of usury, therefore, there must be an agreement, that he, who has the use of the money, shall pay the owner of it more than lawful interest: that is, more than the law permits to be paid for the use of money. See 2 *Parsons on Cont.* 384–5.

The law of this State provides that creditors shall be allowed to receive interest, at the rate of six *per centum per annum*, when no rate of interest is agreed upon, for all moneys after they become due by an instrument of the debtor in writing; on money lent, or money due on settlement of accounts, from the day of liquidating or ascertaining the balance due thereon; on money received for the use of another and retained without the owner's knowledge of the receipt thereof; on money due and withheld by an unreasonable and vexatious delay of payment, or settlement of accounts; and on all other moneys due, and to become due, for the forbearance of payment whereof an express promise to pay interest has been made.

The parties may also agree in writing for the payment of interest, not exceeding ten *per centum per annum*, on money due, or to become due upon any contract, whether under seal or not. See *Digest ch.* 90, *sec's.* 1 & 2, *p.* 614.

It is not unlawful' therefore, in this State, for persons to contract in writing for the payment of interest at ten *per centum per annum*, for the use or forbearance of money, by way of a loan or advance.

It is further provided by our statute, that all bonds, bills, notes, assurances, conveyances and all other contracts, or securities, whatsoever, whereupon or whereby there shall be reserved, taken or secured, or agreed to be taken or reserved, any greater sum, or greater value for the loan or forbearance of any money,

goods or things in action than is prescribed, *shall be void.* See *Digest ch.* 90, *sec.* 7. *p.* 615

This statute seems to be very similar, in its provisions, to the English statute of 12 ANNE *Stat.* 2 *ch.* 16, except that, in that, the rate of interest authorized to be taken or demanded was only five *per centum per annum:* so that the English adjudications upon that statute are entitled to great weight and consideration, by the Courts here, in determining questions arising under, and growing out of, the construction of ours.

There can be no doubt, we apprehend, from the case made by the pleadings and proof in this cause, that the transactions between Ruddell and the appellee were thoroughly usurious; for it is manifest beyond dispute, that the gross amount advanced in cash to, and assumed by Ruddell for and on account of appellee, was only $506, whilst the bond taken to secure that amount was for the sum of $600, payable at four months from its date. It is as equally clear that the deed of trust, made by the appellee to Byers, was made to secure this usurious bond. The question arises, on this state of facts, what relief the appellee was entitled to, and what should have been decreed to him by the Court below.

1. It is said that when a statute makes the usurious contract void, or forfeits a part of the principal, or legal interest, by way of penalty, the creditor, of course, must lose this, for the debtor may interpose this defence however inequitable it may be. See 2 *Parsons on Cont.* 403–4; *Ambler vs. Ruddell,* 17 *Ark. R.* 138, *and authorities there cited.*

But if the debtor make himself a plaintiff, and seek relief against a contract for its usury, it is held, in equity, that he must *pay,* or *tender* the whole amount of *principal and legal interest.* See 2 *Parsons on Cont.* 404. *Scott vs. Nesbit,* 2 *Brown's Ch. R.* 642. *Ex parte Skip,* 2 *Vesey* 489. *Banfield vs. Solomons,* 9 *Vesey* 84. *Rogers vs. Rathburn,* 1 *Johns. Ch. R.* 363. *Tupper vs. Powell, ib.* 439. *Fanning vs. Dunham,* 5 *Johns. Ch. R.* 122. *Fulton Bank vs. Beach,* 1 *Paige* 429. *Morgan vs. Schermerhorn, ib.* 544 *McDaniels vs. Barnum,* 5 *Verm. R.* 292. *Jordan vs. Trumbo,* 6 *Gill & Johns.* 103. *Thomas vs. Mason,* 8 *Gill* 1.

*Anonymous,* 2 *Des. Ch. R.* 333. *Stone vs. Ware,* 6 *Munf.* 541. *Shelton vs. Gill,* 11 *Ohio R.* 417. *Day vs. Cummings,* 19 *Verm. R.* 496. *Bolinger vs. Edwards,* 4 *Ired. Eq. R.* 449. *Phelps vs. Pierson,* 1 *Iowa* 121. *Wilson vs. Hardesty,* 1 *Ma. Ch. Dec.* 66. *Hindle vs. O'Brian,* 1 *Taunt.* 413. *Roberts vs. Goff,* 4 *B. & Ald.* 92. And it is said that this rule is predicated upon the maxim or principle in equity " that he who seeks equity to obtain relief, must do equity." See *Trumbo exr. vs. Blizzard and Jacobs,* 6 *Gill & Johns. R.* 24; 1 *Story's Eq.,* sec. 64, *p.* 77; 1 *Tucker's Com.* 371.

It will be seen, in the sequel of this case, that notwithstanding the appellee has omitted to tender with his bill, or offer to pay the amount actually borrowed from the appellant, Ruddell, we have not seen fit to dismiss the bill, for the reason that the appellants did not demur for that cause, but saw fit to waive the defect by their answer. If a demurrer had been interposed in the first instance, or they had insisted on the omission in their answer, to be considered at the hearing, we should have had no discretion but to have dismissed the bill without relief to either party, in case no amendment should have been made, on leave granted for that purpose.

In *Fanning vs. Dunham, ubi sup.,* the Chancellor said: " The equity cases speak one uniform language, and I do not know of a case in which relief has ever been afforded to a party seeking relief against usury, by bill, upon any other terms. It is the fundamental doctrine of the Court. Lord Hardwick (1 *Vesey* 320) said that in case of usury, equity suffers the party to the illicit contract to have relief, but whoever brings a bill, in case of usury, must submit to pay principal and interest due. Lord Eldon (3 *Ves. & Bea.* 14,) after an interval of more than sixty years, declared precisely the same rule."

We have said that our statute declaring usurious contracts void, seems to be quite similar to the English statute of Anne on the same subject, except in the particular before mentioned. The authority of such names as Hardwick and Eldon, when treating on that statute, should have much weight with our Courts, when considering ours. We have examined the reports

of the several States of this Union, as far as we have been able to have access to them, and have found but few adjudicated cases in which the doctrine has not been maintained as we have stated it above. So that we may safely say, we think, that the doctrine of the Courts in this country is generally consistent with the English rule on the same subject, as shown from our references above.

The few adjudicated cases which we have found, in which the rule that we have laid down is not fully sustained, are mostl to be met with in the Virginia Reports, and possibly one case in Mississippi. The rule is only qualified—not repudiated—by those cases. The qualification is, that the debtor, where he is plaintiff, and seeks to set aside a contract on account of usury, will only be required to pay the principal debt, without any interest. See *Young vs. Scott*, 4 *Rand. R.* 415. *Clarkson's ad. vs. Garland*, 1 *Leigh R.* 147. *Turpin vs. Povall*, 8 *Leigh R.* 93. *Marks vs. Morris*, 4 *Hen. & Munf.* 463. Also *Boone vs. Poindexter*, 12 *Sm. & Marsh.* (*Miss.*) *R.* 640. And these cases were made to rest upon the fact that the borrower came into equity full-handed with proof (as it is termed) of the facts of usury— seeking no discovery of that fact from the lender, but placing his relief upon the naked fact of usury to be established by proof outside of the defendant's answer. See 1 *Tucker's Com.* 370, and the review of the several cases above referred to by the author.

We may safely, therefore, lay down the rule, under our statute, to be as we have shown it elsewhere exists; that is to say, when a debtor comes into a court of chancery to set aside a contract, on account of usury, he must, before he shall be entitled to relief therefrom, pay, or offer to pay the principal actually borrowed, or advanced to him, with interest at six *per centum per annum.*

We have been thus particular in showing the rule of equity on this subject, because the appellee, in the case before us, has sought by his bills to have all the securities taken by the appellant, Ruddell, and infected with usury, declared void and ordered to be canceled without offering to pay anything, and be-

cause such was, in effect, the decree rendered by the Court below.

The appellee seems not to be represented in this court, but we propose to treat the subject as fully as a careful research will enable us, to the end that the opinion herein expressed, may be supported by, at least the weight of authority.

Primarily, the rule, which we have laid down, was only applied to cases where debtors made applications to Courts of Chancery to be relieved against judgments at law rendered upon usurious contracts or securities, under warrants of attorney, etc. See *Fanning vs. Dunham ubi sup.*

But more recently, it has been extended by the Courts, so as to make it embrace cases such as the one we are now considering. Chancellor KENT, in *Fanning vs. Dunham*, on this branch of the subject, said: "The same objection and difficulty occur in the case of a mortgage taken to secure an usurious loan, with the power to sell annexed to it, by means of which the creditor forecloses his mortgage by an act *in pais*, without calling on any Court to assist him. The debtor has no relief in that case, but by applying to this Court (Chancery,) and then he must comply with the terms of paying what was actually advanced. He deprives himself in that case, by the power to sell, as he does in the other, by warrant of attorney to confess judgment, of an opportunity to appear and plead the usury. These are cases in which the party, by his own voluntary act, deprives himself of his ability to inflict upon the creditor, the loss of his entire debt. Many other cases may be stated in which the same result will follow. The party is in the same situation, if, instead of resisting the usurious claim, he pays it. He cannot then expect assistance to recover back more than the usurious excess." See 5 *Johns. Ch. R.* 145.

If the appellants were applying to a Court of Chancery, and were endeavoring to enforce any of the securities made by the appellee, and the appellee had set up and made out the usury, as he has done in the case before us, by way of defence, the remedy would have been obvious. The securities would be declared void, and ordered to be given up to be canceled. But

the appellants have not resorted to chancery. They have caused judgment to be entered at law, and besides this have a deed of trust with the power of sale, which is equal and tantamount to a decree of foreclosure of an ordinary mortgage, which they have absolutely proceeded to foreclose, by sale of the property, under the power contained in the deed, and it is the appellee, the debtor, who is compelled to resort to chancery and ask for relief, which he cannot get at law, against the judgment, and other securities infected with usury by means of the original transactions and responsibilities which they were intended to cover.

Perhaps it is sufficient for the purposes of public justice and public policy, that the law has enabled a debtor, in every case in which he does not of his own accord deprive himself of the means, to plead the statute in discharge of his usurious contract and of his obligation to pay even what was received, and that in all cases he can, by paying the actual principal received and the lawful interest, be relieved from the usurious exaction.

In view of the foregoing, we therefore hold that there is error in the decree of the Court below in this, that it does not require the appellee to pay back to the appellant, Ruddell, the sum of $506, the amount really and absolutely advanced and loaned to the appellee, with interest on that amount from the time the advance or loan was made, at the rate of six *per centum per annum;* and for this cause the decree of the Independence Circuit Court is reversed. And this Court, under the practice in such case, will proceed to render such decree in the premises as ought to have been rendered by the Court below, that is to say: That it is hereby declared that the writing obligatory or money bond, the judgment thereon rendered on the law side of the Circuit Court of Independence county, the deed of trust made to secure the payment of the bond, as well as the deed made by Byers to Ruddell in the pleadings and proof in this cause mentioned, are, and each of them is, tainted or infected with usury; and as such, should be declared void and of none effect. And it is further declared to be the settled practice and

doctrine in equity, in this State, that the plaintiff, who seeks the aid of a court of equity to set aside a judgment at law, or other legal security on the ground of usury, cannot be entitled to relief, whether the usury be established by the proof, or admitted by the answer, except upon the terms of paying the principal and interest lawfully due thereon after deducting every usurious excess. And that the bond, the judgment, the deed of trust and the conveyance from Byers to Ruddell, mentioned in the pleadings, are to be deemed and taken as securities only for the balance that may be due after such deduction; and, if such balance be not paid by the time the decree, to be entered by this Court in conformity herewith, is certified to the Circuit Court of Independence county in chancery, that, when the same shall be so certified, the said Court is hereby required to enter up an order in said cause requiring the appellee herein to pay the amount found to be due the appellant, Ruddell, by the decree of this Court within 90 days thereafter, and in case of his default so to do, and in anticipation of such default, that the Court below appoint a commissioner to sell the land named in the pleadings, for cash in hand, at a time to be by that Court appointed, and on such sale to make conveyance to the purchaser, which shall convey all the right, title and interest which vested in the appellee, and that appellants be perpetually enjoined, thereafter, from asserting any title thereto under said usurious judgment, deed of trust or conveyance from Byers, which are required to be given up to be canceled on payment of the amount found due Ruddell, as above directed.