1829.

Morgan
v.
Schermerhorn.

[*544]

## *MORGAN v. SCHERMERHORN.

Where M. being in embarrassed circumstances and pressed with executions against him, applied to S. for a loan of $800, and S. refused the loan unless M. would consent to purchase from him 124 acres of wild land at $550, which was much above its real value, and M. finally accepted this proposition and gave S. a bond and mortgage for $1,350, payable in 12 equal annual instalments, with annual interest, it was held that this loan was usurious.

A party who comes to Chancery for relief against an usurious contract must pay or offer to pay the amount actually due, before he will be entitled to an injunction to restrain proceedings at law, or to an answer as to the alleged usury.[1]

But if the defendant puts in his answer without making this objection, the court will not afterwards dissolve the injunction, if the complainant is still willing to pay the amount.

August 4th.

THE complainant being embarrassed with debts and executions, applied to the defendant for a loan of $800. The defendant refused to lend him the money unless he would consent to purchase from him 124 acres of wild land, in the north part of Montgomery County, for the sum of $550. The complainant at first hesitated, but finally consented to

[1] Now by statute, see 2 R. S. (4th ed.) 182, sec. 13. A borrower seeking relief or discovery, on account of usury, need not pay back, or offer to pay back any interest or principal to the lender. See *Fulton Bank* v. *Beach*, *ante*, 429 n.; *Livingston* v. *Harris*, 3 Paige, 528· S. C., 11 Wen. 329: see also *Rexford* v. *Widger*, id. 131.

take the loan on these terms. He gave to the defendant a bond and mortgage for $1,350, payable in twelve yearly instalments, with interest to be paid annually. In 1828, the defendant commenced a suit against the complainant upon the bond, and also instituted proceedings of foreclosure upon the mortgage under the statute. The complainant applied to the defendant by his attorney, and offered to pay or secure the payment of the sum of $800, with compound interest from the time of the loan, and to re-convey the 124 acres of wild land, free from taxes and incumbrances. The defendant declined this proposition, but offered to deduct $200, if the complainant would pay him the residue of the bond and mortgage. The complainant repeated his offer in the bill filed in this cause, and obtained an injunction restraining the proceedings at law upon the mortgage. The answer of the defendant having been put in, he now moved to dissolve the injunction.

*A. Stewart for the complainant :—This is a clear case of usury. The complainant being embarrassed with debt, was compelled to purchase from the defendant 124 acres of land of no value, at the sum of $550, in order to obtain from him a loan of $800. In *Eagleson* v. *Shotwell*, (1 John. Ch. R. 536,) which was a case like the present, the court granted relief to the debtor. It is a well settled rule, where the lender imposes upon the borrower the condition of taking some other thing above its value with the money loaned against the wishes of the borrower, but who submits to the condition from his necessities, that the same is usury both at law and equity. (*Rose* v. *Dickson*, 7 John. R. 196; *Stuart* v. *The Mechanics' and Farmers' Bank*, 19 John. R. 509.) If the debtor has offered to pay the sum actually due, which has been refused, the court will not require such sum to be brought into court, but will reduce the security to the sum really due. (*Eagleson* v. *Shotwell*, 1 John. Ch. R. 536; *Fanning* v. *Dunham*, 5 John. Ch. R. 144; *Thompson* v. *Berry*, 3 John. Ch. R. 398.) Even if

*1829.*

Morgan
v.
Schermerhorn.

[*545]

1829.

Morgan
v.
Schermerhorn.

there has been merely a mistake or ignorance as to the value of land sold, and no fraud has been shown, Chancery will grant relief. (*Bingham* v. *Bingham*, 1 Ves. sen. 126, per Ld. Hardwicke; 1 Pr. Wms. 355.)

*L. Beardsley* for the defendant:—The contract in this case was not usurious. The defendant denies all intention to take usury; his only object was to dispose of his land at a fair price. Both parties at the time supposed the land worth the sum agreed to be paid for it. To constitute usury there must be a corrupt agreement. (*Nourse* v. *Prime*, 7 John. Ch. R. 77; *New York Fire Ins. Co.* v. *Ely*, 2 Cowen's R. 678.) It is not denied that any device with a view of securing more than the legal interest is usury. (*Rose* v. *Dickson*, 7 John. Ch. R. 196; *Eagleson* v. *Shotwell*, 1 John. Ch. R. 536; *Dunham* v. *Gould*, 16 John. R. 367.) If the sale of property at the time of making a loan of money is *bona fide*, the contract is not usurious. To make it usurious a corrupt intention is necessary. (*Clason* v. *Morris et al.*, 10 John. R. 525. The court will not presume, the contract *usurious without proof. (*McGuire* v. *Parker's Exrs.*, 1 Wash. R. 268.) A *bona fide* sale of property at however high a price, cannot be usury. (*Skipwith* v. *Gibson & Jefferson*, 4 Hen. & Munf. 490; *Greenhow's Administratrix* v. *Harris*, 6 Munf. 472; *Bull* v. *Douglass*, 4 Munf. 303; *West* v. *Belcher*, 5 Munf. 187.) But if the lender impose upon the borrower goods, in part or in whole, at a higher value than they are worth, it is usury. (*Stuart* v. *Farmers' and Mechanics' Bank*, 19 John. R. 496, 508, 509; *Lowe* v. *Walter*, Doug. 708.) Even if the transaction was usurious, the injunction ought not to be sustained, because the complainant has not brought the money actually lent with interest into court; (*Rogers* v. *Rathbun*, 1 John. Ch. R. 367; (*Tupper* v. *Powell*, id. 439; *Fanning* v. *Dunham*, 5 id. 122.)

[*546]

THE CHANCELLOR:—The objection that the complainant has not brought into court the amount admitted to be due

with legal interest, cannot be received in this stage of the
cause.   As a general rule a party who comes here to seek
relief against an usurious contract, must pay or offer to
pay the amount actually due, before he will be entitled to
an injunction, or to answer as to the alleged usury.   But
if he answers the bill without making any objection on that
ground, the court will not afterwards dissolve the injunc-
tion, if it appears there is usury, and if the defendant is
then willing to pay the sum really due.   If a party comes
here to seek equity, the court will compel him to do equity.
In this case the complainant offered to pay the whole
amount loaned, with compound interest; and the defend-
ant refused to receive it.   Under such circumstances, it
was not necessary to make a formal tender of the money.
The same offer is repeated in the bill, and the court has
power to compel him to make it good, whenever the de-
fendant consents to accept of those terms.   The actual pay-
ment of the money, under such circumstances, was not
necessary.

The only question in this cause, therefore, is, whether
the defendant is entitled to hold this mortgage for its
whole nominal amount.   It is alleged in the bill that this
land, which was in a measure forced upon the complainant
at nearly four and a *half dollars per acre, was not in fact      [*547]
worth one at the time of the sale. · The answer to this is,
that the defendant knows nothing of its value, except
what is contained in his father's letter, &c., and he fixed it
at a price not exceeding $3 per acre.   If the defendant
knew, or had reason to believe, he was getting more for
his land than any one would be willing to give him for it
unconnected with a loan of money, he was in fact selling
it for a price above its actual worth, whatever he might
have considered its nominal value.   From the answer in
this case, no one can doubt that the necessities of the com-
plainant induced him, for the sake of obtaining the loan,
to give for this land a sum much beyond what it was actu-
ally worth to him.   And the defendant, by this device, did

in fact obtain more than seven per cent. advantage from the loan of his money. The statute cannot be evaded in this way; and no device of this kind can be permitted to avail the lender, without in effect repealing the laws against usury. As to the policy of those laws the court have nothing to do. So long as the legislature thinks proper to continue them on the statute book, it is our duty to see them faithfully executed. It might perhaps be beneficial to the borrower, in some cases, if he were permitted to stipulate directly to allow a premium above the legal rate of interest; but some limitation is absolutely necessary to protect the necessitous against their own improvidence, and the cupidity of avarice.

The motion to dissolve the injunction must be denied with costs, unless the defendant consents to receive the money loaned, and legal interest, together with a re-conveyance of the land; and to pay the costs already accrued in this suit. If he consents to those terms, the complainant must pay the amount due and execute the conveyance within sixty days after notice of such acceptance, or the injunction must be dissolved.

