## WARE *vs.* THOMPSON'S ADMINISTRATORS and others.

A bond valid in its inception is not rendered invalid by the subsequent receipt of usurious interest.

If after the completion of the contract, a part of the loan is withheld as a premium for the loan, in violation of the agreement, the contract is not thereby rendered usurious.

Where a party comes into a court of equity seeking relief against a usurious contract, he must offer to pay the sum actually due.

Bill for discovery, relief, and injunction to restrain proceedings at law.

The bill charges, that on a loan of $500, made by the defendant's intestate to the complainant, on the 26th of March, 1849, the complainant gave his bond, of that date, in the penal sum of $1000, conditioned to pay $500, with legal interest, on the 26th of July, 1849; that out of the $500 thus loaned, the intestate retained $25, as a bonus for the loan for four months, over and above the legal rate of interest, and that at the end of every four months during the period of nine years, he demanded and received an additional bonus of $25 over and above the legal rate of interest for the continuance of the loan—and that during that period the complainant paid $75 per annum, amounting to $675 over and above the legal rate of interest, as a consideration for the loan; that on the 8th of November, 1849, the obligee died intestate, and the complainant having refused to make further payments upon

the bond, the administrator brought suit at law, and on the 16th of May, 1860, recovered judgment, and sued out execution for the principal and interest remaining unpaid, by virtue whereof the sheriff has levied upon and is about to sell the property of the complainant. The bill suggests surprise as a reason for not making defence at law, prays a discovery of the amount already paid, and an account, that the bond may be declared void, that the administrator may be required to refund the amount illegally paid, and that an injunction may issue to restrain further proceedings at law.

*S. A. Allen,* for the complainant.

THE CHANCELLOR. 1. Upon the case made by the bill, the bond itself was not in its inception usurious. Upon its face it is made for a legal rate of interest. There is no charge that it was made upon a corrupt agreement. The mere fact that a part of the loan was withheld as a bonus for the loan, in the absence of any charge of an agreement for that purpose, does not constitute usury. *Howell* v. *Auten,* 1 *Green's Ch.* 44.

Nor does the taking of usurious interest upon the bond after its consummation render the bond invalid. *Sloan* v. *Towers,* 2 *Green* 510; *Ex parte Jennings,* 1 *Mad.* 183, (*Am. ed.*); *Comyn on Usury* 187.

The judgment and execution, it is admitted, only seek to enforce the payment of the principal of the bond with the legal rate of interest.

2. The bill contains no offer to pay the sum actually due, or that may be found due upon the bond. The rule is well settled, that where a party comes into a court of equity seeking relief against a usurious contract he must offer to pay the sum actually due. If he omit to make such offer the bill is demurrable, and an injunction will not be allowed. *Miller* v. *Ford,* 1 *Saxton* 358; *Fanning* v. *Dunham,* 5 *Johns. Ch. R.* 122; *Morgan* v. *Schermerhorn,* 1 *Paige* 544.

The order for injunction is denied.