# McGehee v. Harrison.

*Action on Promissory Note, by Assignee against Maker.*

1. *Set-off.* — The validity of a debt as a set-off is determined, not by its consideration, but by the relation of the parties to it; and when it is asserted against a partnership consisting of only two partners, or against their assignee, its validity is not affected by the fact that it was contracted with them when doing business together as another partnership.

2. *General charge on evidence.* — When the evidence is conflicting as to any fact, which is material to the determination of the cause, a general charge in favor of either party is erroneous.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Edmund Harrison against Albert G. McGehee, and was founded on the defendant's promissory note for $140, dated the 30th April, 1862, and payable one day after date, to Shular & Ardis. The record does not show what pleas were filed. "On the trial," as appears from a paper which, though not signed by the presiding judge, is, by consent, incorporated into the transcript as a bill of exceptions, the plaintiff having read in evidence the note on which the suit was founded, "the defendant testified, as a witness for himself, that he became, about the year 1860, accommodation indorser for Shular & Ardis, the payees of the note sued on, on a bill of exchange for $10,000; that he afterwards paid said bill of exchange; that he had been repaid a large part of the money so paid by him, but there still remained due to him from said Shular & Ardis, on account of said payment, more than enough to pay the note here sued on; and that the note sued on was given by him to said Shular & Ardis for merchandise purchased from them, and had no reference to any other transaction. He testified, also, on cross-examination, that there had been, before the making of said bill of exchange, a mercantile and warehouse firm in Montgomery by the name of John H. Murphy & Co., which was composed of said Shular, Ardis, and John H. Murphy; that said Shular and Ardis, after the death of Murphy, continued the business as surviving partners, under the name of Shular & Ardis; that he had been liable on accommodation paper for said John H. Murphy & Co., and part of the consideration of said bill of exchange was this liability, while another part was a new one, moving from said Shular & Ardis; that he had instituted a suit in chancery against said Shular, Ardis, and the representatives of John H. Murphy, to subject the property of each of said parties to his claim on account of the payment of said bill; and that he realized by said suit a large part of the

money thus paid by him, but leaving a balance due as above stated.    D. H. Shular was then introduced as a witness, and testified, that the whole of said bill of exchange was a renewal of a debt of John H. Murphy & Co., on which the defendant was bound as an accommodation party; that Shular & Ardis were doing business under that name when said bill of exchange was given; that sufficient property was sold under defendant's said chancery suit, and sufficient funds were realized, to meet and liquidate all their liabilities, and leave a considerable surplus; that if defendant did not get his full claim, the same was received and not accounted for by the receiver appointed in said cause, and was never returned to Murphy's estate, nor to Shular & Ardis; and he denied that Shular & Ardis owed defendant anything on account of said bill of exchange.    Said witness further testified, that Shular & Ardis became voluntary bankrupts under the bankrupt law of 1867, and were discharged from their debts; that the note here sued on was surrendered by them in bankruptcy, sold by their assignees, and purchased by the plaintiff; also, that Shular & Ardis, after defendant had filed his said bill in chancery, commenced and carried on a new business, but in the same name, and composed of the same individuals; that their business was the same as that of the old firm, and carried on at the same place, but he considered it a new partnership; and that the note sued on was contracted and made after the commencement of the new business, and after the property had been sold under the defendant's bill in chancery.    This being substantially all the proof, the court charged the jury, at the written request of the plaintiff, that they must, if they believed the evidence, find for the plaintiff, for the amount of the note, with interest."    The charge of the court, to which the defendant excepted, is now assigned as error.

STONE & CLOPTON, for appellant.

R. M. WILLIAMSON, contra.

BRICKELL, J. — The acceptor of a bill of exchange contracts, absolutely and unconditionally, that he will pay the bill upon due presentment at maturity.    As to the payee and indorser, he is the principal debtor, bound to the same extent as the maker of a promissory note.    If an indorser is compelled to pay the bill, it is not thereby extinguished, and his right of action against the acceptor converted into an action for money paid.    He is remitted to his original title, and stands as if he had never parted with the bill.    If Shular & Ardis were the acceptors of a bill of exchange, of which the defendant was the

payee and indorser, and the defendant paid this bill, it became in his hands a valid set-off to any debt due from him to them. If his debt was not evidenced by negotiable paper, the set-off is operative against any transferree of Shular & Ardis, to the extent to which it would have operated against them when notice of the transfer was given. It matters not what was the consideration of the bill of exchange, or of its acceptance, so long as thereby the relation of the payee and the acceptor was not changed. It may have been an antecedent debt of John H. Murphy & Co., of which firm Shular & Ardis were surviving partners; or it may have been wholly or partially founded on a new consideration. It is not the consideration of the debt, but the relation of the parties to it, that determines its validity as a set-off. Nor is it material that Shular & Ardis, after the acceptance of the bill, or after its payment by the defendant, considered themselves as forming a new partnership, with which the debt claimed of defendant was contracted. No notice of this new partnership, if it was formed, was given to defendant; and if notice had been given him, the partnership was composed only of individuals who were jointly and severally liable to him on the bill of exchange. If Shular & Ardis were the plaintiffs in this action, the debt due by their acceptance of the bill could be set off against them, though after the acceptance they had formed a new partnership, not having a new member, with which the debt claimed of defendant was contracted. The rule certainly is, that a set-off, to be valid, must be due to or from the same persons in the same right. The debt is considered as due in the same right, when the plaintiff can sue, and the defendant be sued, in their own names, without specifying any representative character, and the party to the suit has a lien upon, or a legal right to the application or distribution of the fund when collected. A surviving partner may sue or be sued in his own name, and debts due to or from him in his own right may be set off against debts due to or from him as surviving partner. *Miller* v. *Franklin Bank*, 1 Paige, 544; Waterman's Set-off, 173. In that case, the party suing, or sued, is the same individual, against or by whom the set-off is preferred; and hence it is allowed. So, if Shular & Ardis were here plaintiffs, the set-off preferred would be against the same individuals who were suing. The right of set-off, under our statute, exists against the plaintiff, to the same extent to which it existed against Shular & Ardis. The charge of the circuit court is not maintainable, then, unless there had been clear and uncontradicted evidence that the bill of exchange had been paid to the defendant. On this point, the evidence was by parol, and was con-

[Moore v. Faggard.]

flicting; and it has been too often ruled by this court, to be regarded as an open question, that when the evidences of a fact material to the determination of the cause is conflicting, a general charge. of the character given by the court is erroneous. The judgment is reversed, and the cause remanded.