Thacher, J.,
declared himself in favor of allowing the amendment, as being within the rule, and agreeable to the practice of the Court in such cases. [See the rule (to which Thacher, J., referred) in the case of Tappan and Austin—ante, p. 32.]
Sedgwick, J.
I do not found my opinion on the English authorities, but on the rule of this Court. *The [ * 51 ] rule is express, “ that in all cases, excepting after joinder and demurrer,” (which is not the present case,) “ the plaintiff shall have leave to amend his writ and declaration,” upon the terms therein mentioned. This rule I consider as binding on the Court, and that we cannot refuse the amendment. If the rule is not a proper one, let it be altered ; but standing as jt does, I do not see how we can deny the plaintiff’s motion. To attempt to discriminate the subject of the rule as applicable to different cases, would be extremely inconvenient. The plaintiff is rectus in curia, and by the terms of the rule is as much entitled in this case to the amendment prayed for as he would be in any other. But it is said, that he has already, in the Common Pleas, been allowed to amend his declaration. Such a circumstance has never been considered as controlling or influencing the practice in this Court. As I have never known an instance where a similar application has, since the establishment of the rule, been refused, I am clear that the motion ought to prevail.
Strong, J.
The power of the Court in granting amendments where there is no provision by statute, is a discretionary pciver, which supposes that the Court can and will distinguish cases. The Court cannot help seeing what the present case is. The power of the Court in granting new trials is a discretionary power; and is *40 very similar to their power upon applications to amend. Under the power to grant new trials, the Court always look into the nature and circumstances of the case. Then surely we ought on application for an amendment to examine into the nature and circumstances of the case. There is a very obvious distinction between a penal action and an action brought to recover a just debt. But it is said that the rule is peremptory, makes no distinction of cases, [ * 52 ] and that the Court cannot, consistently * with the terms of the rule, deny the amendment. I do not so understand it. It was not intended to alter any rights, but to extend to cases where substantial justice required an amendment. It is not a statute, and the Court are not bound by it so as to preclude the exercise of discretionary power according to the circumstances of the case. The rule is not universal; it does not reach criminal prosecutions, but only the common cases of suing for a just and equitable demand. Then what is this case ?—A right to recover a penalty. It is true that the plaintiff is rightly in Court. The Court are not to prevent his coming here. But are they to be governed by the same considerations in this case as in cases of an antecedent just debt ?—The plaintiff has been allowed to amend once ; his declaration is still wrong, and he now asks the aid of the Court to enable him to recover on a penal law. Under all the circumstances, I think as much has been done as ought to be; I am therefore against allowing the amendment prayed for, especially as granting the motion would be giving a new action, when the statute has taken it away.
Dana, C. J.
The question before the Court is not a general question ; but simply whether, in this particular case, and under the special circumstances of this case, the Court will, in their discretion, permit the amendment prayed for. I consider the power of the Court in this case to rest entirely at common law, and therefore to be a discretionary power. I have no doubt of our power to allow amendments in qui tarn as well as in other actions. But when our power is discretionary, we must go into the nature and circumstances of the case, in order to exercise that discretion properly. This is a qui tarn action, brought to recover a penalty given by the statute made against taking excessive usury; which is not an action [ * 53 ] where substantial justice requires an amendment. *Here a stranger is suing. The party supposed to be injured, acquiesced and paid the debt. The statute requires the action to be brought within one year; this was done. But the plaintiff, finding his declaration wrong, had liberty in the Common Pleas to amend it, by which the defendant was there holden to answer anew. H is declaration is still wrong; and now the aid of this Court is *41 asked to permit him to set it right, and in effect to compel the defendant to answer to a new action; this, too, after the limitation in the statute has taken place. For the same reason which is urged by the plaintiff’s counsel, viz. that where there has been no joinder in demurrer, the Court are bound to permit an amendment, we must go on perpetually so long as the case is in Court. As to the rule of court relied on, I consider the intention and meaning of it to be, that, whenever a motion is made for an amendment, it shall be before joinder in demurrer. But even then the Court are not obliged to grant the amendment. I do not rest altogether upon the observations which I have already made. ' 1 recollect a case in Middlesex, Austin and-, similar to the present, in which the Court refused to allow an amendment. I consider cases of this kind, so far as respects the power of the Court, as similar to motions for a new trial; in which we must look into the nature and circumstances of the case. This is a hard action ; grounded on strict law; and the plaintiff having had liberty to amend once, I do not think that the Court, in the exercise of their discretionary power, ought to permit the amendment.
Ashmun and Dickinson for the plaintiff.
Bliss and Porter for the defendant.
The Court being equally divided, the motion did not obtain (1).

 A penalty given by statute is a debt created by the authority of the highest power in the state, the right to recover which is vested in the person first suing therefor. Now, to distinguish this from a “just debt." or a “fair and equitable demand,* seems to be calling in question the wisdom if not the equity of the legislature, in a case where they have acted within the acknowledged limits of their powers. Every legal claim must in a court of law be enforced, and it may be doubted how far it is consistent with the duty of the court to execute the act of the legislature, to throw peculiar embarrassments upon the prosecution of claims sanctioned by an express statute. If an act be unjust or impolitic, its injustice or impolicy will be soonest discovered and corrected by its unimpeded operation.