Per Curiam.

The notice undertook to set forth specially the usurious contract. It was a substitute for a plea of usury, and in a notice, as well as in a plea, the contract must be correctly and truly stated, and proved as laid. A variance in a plea as well as in a declaration, between the contract as laid and the contract as proved, is fatal; and it is equally so, though the contract in either case would be usurious. The rule even requires the contract to he more precisely stated in a plea of usury in bar, than in a declaration in a qui lam suit, because the facts are within the defendant’s knowledge. (Hawk. tit. Usury, s. 24. Carlisle v. Frears, Cowp. 671. Tate v. Wellings, 3 Term Rep. 531. Hinton v. Roffey, 3 Mod. 35.) The omission, then, in this case, to state that it was parcel of the agreement that the plaintiff was to keep the cattle for one month, was fatal. The variance between the proof and the contract stated was, that in the one case they *145 were sold and delivered at the time of the contract, and in the other, that they were sold and to be kept by the plaintiff for a month before delivery. Whether the keeping the cattle for a month would have aittred the corrupt nature of the contract is immaterial. The omis9mn ~o state that the defendant gave a mortgage, by way of collateral security, ai~d which was also made a ground of ob~ jection, does not seem to have been injurious, according to the case of Wade v. Wi1son. (1 East, 195.) Our opinion proceeds on the ground of the other variance.
The nonsuit must, therefore, be set aside, and a new trial awarded, with costs to abide the event of the suit, and with liberty to the defendant to amend his notice on the usual terms.
New trial granted.