1829.

Fulton Bank
v.
Beach.

---

## *FULTON BANK *v.* BEACH.

[*429]

Where a party comes to Chancery to avoid a usurious contract, he must consent to pay the sum actually loaned, with interest, or the court will not grant him any relief.[1]

---

[1] This rule is abrogated in New York, by statute. It is, by this enactment, no longer necessary that the borrower seeking relief or discovery, should pay or offer to pay back any interest or principal on the sum loaned;

And where the proofs in a cause are regularly closed, the court will not open them to enable the defendant to re-examine a witness in order to establish the usury, unless he agrees to pay the sum actually lent.

So the court will not allow an answer to be amended for the purpose of setting up a defence of usury, unless the defendant consents to pay the amount equitably due.

March 3d.

THIS was a petition on the part of the defendants for leave to open the proof and re-examine one of the complainants' witnesses, upon the ground that new facts had been discovered on his cross-examination in a court of law, since the testimony in the suit was closed. The defence was usury.

*J. Hoyt*, for the complainants, insisted that the new facts which were now attempted to be proved, would not support the particular defence set up in the answer; and that the court ought not to aid a defence of usury.

*D. Buel, jun.*, for the petitioners, in answer to a suggestion from the court, stated that he was not authorized to waive the defence of usury as to the sum actually loaned

THE CHANCELLOR :—Without examining the question whether the new facts are admissible as evidence, under the present state of the pleadings, I am satified the other objection, taken by the complainants' counsel, is fatal. If a party seeks equity in this court, he must do equity. If he comes here to obtain a discovery, or to get rid of a usurious contract, he must consent to pay the money actually lent, with legal interest. If the defendant sets up a

nor can a court of equity compel him to do so, as a condition of granting relief. See 2 R. S. (4th ed.) 182, secs. 8, 13; *Livingston* v. *Harris*, 3 Paige, 528; S. C., 11 Wen. 329. But a subsequent mortgagee is not a borrower within the meaning of the usury laws, so as to authorize him to file a bill to set aside a previous security, given by the mortgagor, on the ground that it is usurious, without paying or offering to pay the sum actually due. *Rexford* v. *Birdsall*, 3 Barb. Ch. 640; *Rexford* v. *Widger*, 2 Comst. 131; see also *Hartson* v. *Dev enport*, 2 Barb. Ch. 77.

defence of usury, either in this court or at law, he is at liberty to sustain it if he can by proof in the usual way. But if he neglects, or is unable to do that, when he applies to this court to aid him in such defence, he must consent to do equity before this court will afford him any relief. The proofs in this cause were *regularly closed more than six months since. The defence of usury has been set up at law, and a jury have decided against it. The defendants now ask of this court the favor to re-examine one of the witnesses, to enable them to establish the usury; but they decline paying the sum actually loaned. The application must therefore be refused. This is not a new principle here. In *Hall* v. *Wood*, in September, 1826, an order taking the bill *pro confesso* was vacated on an affidavit of merits; but, as the proceedings on the part of Hall had been regular, the late Chancellor annexed a condition to the order opening the default, that the defendant should not interpose the statute of limitations as a defence; which he considered would not be conscientious under the particular circumstances of that case.

The defendants subsequently applied to amend their answer for the purpose of setting up a general defence of usury, to enable them to establish a different kind of usury from that set up in their former answer. The motion was argued by

*S. A. Foot*, for the defendants:—He contended that the application now was to enlarge the answer. Usury had been set up therein generally, without a knowledge of the particular facts. These facts have since been discovered. The draft answer, which was prepared by the defendants' counsel and miscarried in the post-office, contained substantially what was now asked to incorporate in the answer by way of amendment. Mistakes in pleading should always be corrected where justice will be administered by so doing. Usury is a meritorious defence; and the defendants being

*1829.*

*Fulton Bank
v.
Beach.*

[*430]

1829.

Fulton Bank
v.
Beach.

[*431]

sureties, are entitled to the favor of the court. Where the defence of usury goes to the right, it is always favored. The counsel cited *Bowen* v. *Cross*, (4 John. Ch. R. 375.)

*J. Hoyt*, for the complainants:—Application to amend pleadings are not granted except upon terms ; (*Beekman* v. *Waters*, 3 John. Ch. R. 410 ; *Shepherd* v. *Merrill*, 3 John. Ch. R. 423 ; *Thorn* v. *Germand*, 4 John. Ch. R. 363 ; *Bowen* v. *Cross*, 4 John. Ch. R. 375.) The party asking to amend his answer, must satisfy the court that at the time of putting in the answer, he was ignorant of the facts which he seeks to insert in it by way of amendment ; (*Liggon* v. *Smith*, 4 Hen. & Munf. 407 ; *Const* v. *Barr*, 2 Meriv. 57.) An amendment will not be granted where there has been a mere mistake of law ; (*Pearce* v. *Grove*, 3 Atk. 522 ; S. C., Ambler, 65.) And where a party has not set forth his defence, in consequence of an inability to do it with precision he cannot amend ; (*Tennant* v. *Wilsmore*, 2 Anstr. 363.) An amendment must be moved for, the first opportunity, and must be sworn to. It must also be served upon the opposite party ; (*Rodgers* v. *Rodgers*, ante p. 424.) The Court of Chancery will not relieve against a usurious contract, unless the party seeking relief does equity by paying the sum actually advanced ; (*Rodgers* v. *Rathbun*, 1 John. Ch. R. 367 ; *Tupper* v. *Powell*, 1 John. Ch. R. 439 ; *Fanning* v. *Dunham*, 5 John. Ch. R. 122.) The court will not, therefore, upon this principle, grant the amendment moved for by the defendants in this case, unless they consent to pay the sum equitably due. The effect of the amendment would be to enforce a penalty or forfeiture ; a proceeding which equity never aids ; (*Livingston* v. *Tompkins*, 4 John. Ch. R. 431 ; *Mason* v. *Gardiner*, 4 Bro. C. C. 436.) It is a settled rule, that if a defendant mispleads the statute of usury, he shall be bound by his plea ; (*Parker* v. *Rochester*, 4 John. Ch. R. 332 ; *Hamilton* v. *Boiden*, 1 Mass. Rep. 50.) In *Goff* v. *Popplewell*, (2 Term. Rep. 707,) an amendment

was refused, although without the amendment the right of action would be gone.

1829.

Fulton Bank
v.
Beach.

THE CHANCELLOR :—When this case was before me, on the petition to re-examine Mark Spencer as a witness, I did not examine the question whether the new facts proposed to be proved by him were admissible under the present state of the pleadings. That question was distinctly raised and argued on that occasion by the complainants' counsel; but as I was *clearly with him on the other points, I did not con- [*432] sider it necessary to look farther. The defendants being probably satisfied that this objection was well taken, not-withstanding their appeal to the Court of Errors from the decision of this court refusing such re-examination, now ask to amend their answer for the purpose of making the new evidence material, if they should succeed in reversing that decision. The application at this time appears to me pre-mature and unnecessary. If the former decision of this court is reversed, it necessarily follows that the new testi-mony ought to have been received, and was proper under the pleadings as they now stand. If that decision is af-firmed, the witnesses cannot be re-examined, and the amend-ment would be useless. As the case now stands, it is *res adjudicata* in this court, that the rule to close the proofs is not to be opened; and while an appeal from that decision is pending, this court ought not to do that indirectly, by an amendment, which it could not do directly. The defend-ants should have dismissed their appeal and made an appli-cation here to amend and to re-examine the witness to the new matter, or should have waited until that appeal was determined. But, as both parties have requested that the question may be decided now, I shall dispose of it without waiting for the decision of the Court of Errors.

The former application was denied on the ground that the relief prayed for in the petition was not a matter of strict right, as the proceedings on the part of the complain-ants to close the proofs had been perfectly regular. The

1829.

Fulton Bank
v.
Beach.

[*433]

defendants, therefore, were asking a favor, which the court, in the exercise of a sound discretion, was not bound to grant, unless they would also do equity to the other party. The reasons given for refusing that application apply equally to this, but with greater force.

The power of the court to allow amendments, in futherance of justice, at any time before a final decree, is unquestionable. They are always in the discretion of the court; but the exercise of that discretion must be governed by those general principles of equity by which the proceedings in this court are regulated. One of those principles is not to lend the aid of the court to enable a party to enforce a forfeiture, *or any thing in the nature of a penalty or forfeiture. (*Livingston* v. *Tompkins*, 4 John. Ch. Rep. 415.) If a party sues in a court of law upon a usurious contract, the defendant has a right to set up the legal defence, and insist upon the forfeiture, if he can establish the facts. But if he cannot avail himself of that defence without the aid of a court of equity, when he applies for equitable relief, he must consent to waive the forfeiture, and pay or agree to pay the amount actually due. (*Rogers* v. *Rathbone*, 1 John. Ch. Rep. 367; *Tupper* v. *Powel*, id. 439; *Fanning* v. *Dunham*, 5 John. Ch. Rep. 122. And the same rule prevails when he applies for equitable relief to a court of law. (*Fitzroy* v. *Gwillim*, 1 Term Rep. 153.) It makes no difference that a suit upon the usurious contract is brought in this court. If such a suit is brought here the defendant may set up the usury in his answer, and if he can establish it by proofs in the ordinary way, it will be a complete bar to the suit. But if he asks for the interposition of the extraordinary or equitable powers of this court to aid him in such defence, he must consent to do equity before he can obtain that aid. Thus in *Mason* v. *Gardiner*, (4 Bro. Ch. Cases, 436,) where a suit was brought in Chancery, upon securities which were tainted with usury, and the defendant filed a cross bill to discover the usury, it was held bad on demurrer, because he did not offer to pay the sum

which was equitably due.    So, if the defendant neglects to
set up the defence of usury in his answer, whether by mis-
take or negligence is immaterial, when he applies to the
court from the favor to amend his answer, he should offer
to pay the amount actually due with legal interest.    But
here the defendants ask the court to permit them to amend
with the avowed object of getting rid of the payment of
moneys actually loaned, as well as of the usurious excess
included in the securities.    The granting of such an appli-
cation would not be the exercise of a sound legal discre-
tion, as it would be a violation of the settled principles of
the court.    An amendment to an answer which has been
sworn to by the defendant is always granted with extreme
caution.    (*Brown* v. *Cross*, 4 John. Ch. Rep. 375.)    And I
am not aware of \*any case in which such an amendment                   [\*434]
has been allowed after the witnesses had been examined,
and the proofs in the cause were closed.

But there are some extraordinary features in this appli-
cation which show the danger of permitting a party to set
up a new defence after the testimony in the cause has been
taken.    The defendants have put in a joint answer, in
which some of them swear positively to, and the others as
to their belief in a state of facts which is wholly inconsist-
ent with the facts they now seek to avail themselves of
under the amendment asked.    They do not pretend there
was any mistake in the allegations in their former answer;
but still insist those allegations are true, and that the de-
fence which they now seek to establish is not true in point
of fact.    Yet as the complainant's witness, who swears in
opposition to their answer, has stated those matters, they
wish to amend their answer so as to avail themselves of
them, if the court should be satisfied their present answer
is incorrect in point of fact.    To avoid the difficulty of
swearing to a defence which they do not believe to be true,
they propose, in their supplemental answer, to state gener-
ally, that the complainants' demands were founded upon a
usurious consideration, without specifying the particulars.

I think the senior counsel who examined and amended the original answer, was right in leaving out this allegation. This general manner of setting up usury is certainly not sufficient in a court of law; and I know of no rule of equity which can authorize such a loose method of stating a defence here. (*Smith* v. *Brush*, 8 John. 84; *Lawrence* v. *Knies*, 10 John. Rep. 140.)

The motion must be denied with costs