Brinkerhoff, J.
Hiram C. Stevens, William R. Chidester, and William H. Alden, executed their bond to the Bank of Wooster, with a power of attorney to confess judgment annexed, for a loan of money; Stevens being the principal, and Chidester and Alden sureties; and in March, 1837, judgment by confession, under the warrant of attorney, and without notice or process, was taken against them in the common pleas of Richland county. In October, 1849, suit was brought in the common pleas of Medina county, on the record of this judgment, and a new judgment obtained against the same defendants. In February, 1850, the original bill *265, 266 in this case was filed in Medina county, against the defendants to* the judgment and others, to subject equities of the judgment debtors to *the payment of the judgment. The sureties, in [265-their answer, set up, as a defense to the bill, usury in the bond on which the first judgment was taken, and allege that they were ignorant of such usury until after the rendition of both judgments. After replication, proof tending to establish the fact of usury was-taken, and the case having been' appealed, it was reserved for decision in this court, and is reported in 1 Ohio St. 233.
This court then held, that the contract having been merged in the judgment, and a creditor’s bill brought to obtain satisfaction, th e parties to it were estopped, while it remained in force, .from, averring or proving illegality to have existed in the original obligation, for the purpose of impeaching the judgment, but at the same-time suggested that a cross-bill might be filed to set aside the judg- ■ ment, “ upon such terms as the relation of the defendants to the matter would entitle them to assume.”
The ease having been remanded for further proceedings, the sureties, in September, 1853, filed their cross-bill, seeking to impeach the original judgment for usury in the bond, but without averring-any tender or offer to pay the amount equitably due without the usury, and, whether they can be permitted to do this, or, in other words, whether a tender of such payment is not one of the “terms ” imposed by “ the relation of the defendants to the matter,” is the-question before us.
If the defendants had filed an original bill to impeach the judgment for usury, such bill would be bad on demurrer, unless it averred a tender of the amount due in equity. If this familiar-principle needs any support, it will be found to be abundantly sustained by the authorities cited by counsel for complainant. And we are of opinion that the same averment is necessary in a cross-bill filed for the same purpose. Fanning v. Dunham, 5 Johns. Ch. *145; Fulton Bank v. Beach, 1 Paige, 433; Story’s Eq. Pl., [266 secs. 630, 398; Welford’s Eq. Pl. 229, 230.
We can see no difference in principle between a case like this, where a bank takes the usurious security, and one w[iere a natural person takes a like-security in states where by law such securities-are declared void. In the one ease the security is void, because the law has never conferred the capacity or power to make such a contract ; and in the other, because the capacity in this respect natur *267 .ally and originally existing, is taken away by positive law. And no difference seems to have been recognized in the adjudicated cases. Fulton Bank v. Beach, ubi sup.; Spalding v. Bank of Muskingum, 12 Ohio, 544; Conant v. Seneca County Bank, 1 Ohio St. 311.
Nor is there any difference, in cases of this kind, between a prin-cipal and a surety in a usurious obligation; their rights and remedies are the same. Selzer v. Brock, 3 Ohio St. 305; Campbell v. Morrison, 7 Paige, 158. This case in no way conflicts with that of Corcoran & Riggs v. Hinton et al., decided at the present term; for in that case the complainants sought relief on a usurious contract .never established at law or merged in a judgment.

Cause remanded to the district court for further pvoceedings.

Bartley, C. J., and Swan, Bowen, and Scott, JJ., concurred.