The Chancellor..
The bill is filed to foreclose a mortgage, given by Robert K. Kille to James Steel and others, upon lands in the county of Gloucester, to Secure the payment of a bond for $7500. The mortgage bears date on the seventh day of April, 1858, was duly recorded in the clerk’s office of the county of Gloucester on the eleventh of May, 1859, and was subsequently assigned to the complainant. On the ninth of February, 1859, after the date of the complainant’s mortgage, but before it was recorded, the mortgaged premises were attached by virtue of a writ of attachment issued out of the Supreme Court at the suit of Brown and Goodwin.
Kille, the mortgagor, sets up usury as a defence to the mortgage. Brown and Goodwin, the attaching creditors, claim priority over the mortgage by virtue of their attachment.
1. The mortgagor, in his answer, having set forth the circumstances under which the bond and mortgage were given, and in which the usury is alleged to consist, avers that the bond and mortgage, having been executed by reason of such corrupt and usurious agreement, are “ by the laws of the land usurious and utterly void.”
*231 In the absence of more specific allegation, and of any averment of the place of the contract, the defence must be limited to a violation of the statutes of this state against usury. Bennington Iron Co. v. Rutherford, 3 Harr. 467; Dolman v. Cook, Ante 56.
Courts will not ex officio take notice of foreign laws, and consequently they must, when material, be stated in pleading. Collett v. Lord Keith, 2 East 273; Walker v. Maxwell, 1 Mass. 104; 1 Chitty’s Pl. (ed. 1837) 247.
If the defendant designed to rely upon the fact that the contract was usurious under the laws of Pennsylvania, it was incumbent upon him to show it as well by his pleading as by his proof. Cotheal v. Blydenburgh, 1 Halst. Ch. R. 19.
The evidence shows that the contract for the loan was made in the city of Philadelphia, by parties resident there, and that the bond and mortgage were there executed. It is clearly a Pennsylvania contract, and its validity must depend upon the laws of that state. It cannot be usurious or void, as alleged by the answer, by the laws of this state. De Wolf v. Johnson, 10 Wheaton 367; Varick v. Crane, 3 Green’s Ch. R. 128; Cotheal v. Blydenburgh, 1 Halst. Ch. R. 17, 631.
The defence of usury, as set up by the answer, is not sustained.
The mortgagor further insists, in case the complainant should be deemed entitled to any relief, that he can recover only the sum actually advanced upon the mortgage. The answer alleges that, as a part of the loan, the mortgagor received $3600 in Pennsylvania bank notes for $4500, at eighty cents on the dollar; that the market value of the notes was not over fifty cents on the dollar, and that they were immediately sold by a broker for $2143.50, at a loss to the mortgagor of $1456.50. This sum, with interest from the date of the mortgage, it is insisted should in equity be deducted from the amount of the mortgage debt. This insistment is made upon the ground that, by the construction given to the Pennsylvania statute against usury by the courts *232 of that state, the complainant is permitted to recover upon a usurious contract only the amount actually advanced, with lawful interest, and that this court will give to the complainant the same relief, and no more, than that to which he would have been entitled by the law of the place where the contract was made.
The obvious objection to granting relief upon this ground has already been adverted to, viz. that the statute of Pennsylvania has not been pleaded, and that the court will not ex officio take notice of the laws of another state. This difficulty was anticipated by counsel upon the argument, and to avoid the objection, he asks leave to amend or to file a supplemental answer.
An amendment upon this ground and at this stage of the proceeding would not be in accordance with the practice of the court. The design of the amendment is not to correct any mistake or misstatement in the original answer, but to set up substantially a new ground of defence. The court with great difficulty permits a supplemental answer when an addition is to be put upon the record prejudicial to the plaintiff. Strange v. Collins, 2 Ves. & B. 163; Edwards v. Mc-Leay, Ibid. 256; 2 Daniels’ Prac. 914.
Nor will the court, as a general practice, permit a defendant to change his answer after the cause has been heard upon the evidence and there has been any expression of opinion from the court. Calloway v. Dobson, 1 Brock. 122.
But it is not clear that the defendant would derive any benefit from the amendment as the evidence now stands before the court. It would be of no avail unless the charge of usury is established.
In the construction of the statute against usury the courts have held with undeviating uniformity thht where the real transaction was a loan of money, no shift could evade the statute. No matter under what guise the loan was concealed, whether by sale of goods, transfer of stock, taking bond for larger amount than loaned, passing off depreciated paper, or by any other expedient, the court will strip off the *233 guise, and ascertain the true nature of the transaction. When the real transaction is a loan of money, and the lender attempts to receive from the borrower more than the amount actually advanced with lawful interest, no matter under what pretext, it contravenes the policy of the statute, and incurs its penalty. Both the English and American authorities in support of this principle are very numerous. Lowe v. Waller, Douglas 736; Richards v. Brown, Cowper 770; Barker v. Vansommer, 1 Bro. C. C. 149; Moore v. Battie, Ambler 371; Comyn on Usury 94, et seq.; Stuart v. Mechanics and Manufacturers Bank, 19 Johns. R. 496; Rose v. Dickson, 7 Johns. R. 196; Bank U. S. v. Owens, 2 Peters 527; Grosvenor v. Flax and Hemp Man. Co., 1 Green’s Ch. R. 453.
In the case of Roberts and Ogden, appellants, and Sears, respondent, decided in the Court of Appeals of this state at January term, 1835, the principle was distinctly recognised. In that case the loan was for $2000, of which $800 was received in cash, and $1200 in stock, at a price beyond its market value, and which was immediately sold by a broker, for the benefit of the borrower, at a loss of about $300. The court held the transaction usurious and void. But the real question, when the penalty of the statute against usury is sought to be enforced is, whether the transaction was a bona fide sale or a mere loan of money.
On the argument of this case, it was intimated that the evidence established a case of usury. But upon a more careful examination of the evidence, I do not think that fact is satisfactorily established. There is some doubt upon the point whether the transaction was in reality a loan or a sale of stock. The fact of usury should be clearly established. The defence upon this ground is not sustained, and the amendment, if admissible, could be of no avail to the defendant.
2. The attaching creditors are not, by virtue of their attachment, entitled to priority over the mortgage of the complainant, although the mortgage was not recorded at the time of serving the writ. The attachment binds the pro *234 perty and estate of the defendant in attachment from the time of serving the writ, hut it does not bind property aliened by the defendant prior to the service. The execution of the attachment therefore created no lien upon the prior estate of the mortgagee. The claim of the attaching creditors to priority over the title of the mortgagee rests on the fact, that the mortgage was not recorded when the attachment was executed. But the statute gives no such priority. It declares the unrecorded mortgage void only as against a subsequent judgment creditor not having notice of the mortgage, but leaves it in full force as against an attacking creditor. Nix. Dig. 124, § 18; Garwood v. Garwood, 4 Halst. 193.; Reeves v. Johnson, 7 Nalst. 29.
The mortgage was recorded before judgment was recovered under the attachment.
The complainant is entitled to the relief prayed for in his bill.
Note. — "Will the court in any case permit an answer to be amended to set up the defence of usury ? See Collard v. Smith and Wife, 2 Beasley 43; Fulton Bank v. Beach, 1 Paige 429. — Reporter.