## MARCH TERM, 1862.

Samuel B. Hudnit and Gabriel H. Slater, appellants, and Tobias Nash, respondent.

1. The well settled rule in equity is, that if the *lender* comes into court seeking to enforce a usurious contract, equity will repudiate the contract. But if the *borrower* seeks relief against the usurious contract, the only terms upon which the court will interfere, are that he shall pay what is really and *bona fide* due.

2. A bill for foreclosure by a second mortgagee, making the first mortgagee a defendant, as against such first mortgagee, is, in effect, a bill to redeem, not to foreclose.

3. The first mortgagee is not a necessary, nor a proper party to a bill by a subsequent mortgagee, if the sole design of the suit is a foreclosure of the equity of redemption. Technically, all that can be asked in such case is, that the complainant be permitted to redeem the prior encumbrance.

4. Where, as in our practice, prior encumbrancers are permitted to be made parties to a bill for foreclosure and sale of mortgaged premises, if the first mortgagee, defendant in such bill, comes in with his mortgage, he simply assents to the relief prayed for by the complainant.

5. As against the first mortgagee, the relief prayed for will not be granted, unless by his consent, or upon payment of the amount actually due upon his mortgage.

6. Where, to a bill for foreclosure, the answer of the owners of the equity of redemption raises the defence of usury to the mortgage of a co-defendant, such answer is in the nature of a cross-bill, seeking relief against the usurious mortgage.

Hudnit *v.* Nash.

7. Upon a bill filed by a second mortgagee for foreclosure, and seeking to avoid the first mortgage as usurious, no decree will be made declaring the usurious mortgage a valid encumbrance for the amount actually advanced, unless by the consent, express or implied, of the owners of the equity of redemption, to the proceedings.

8. But if the parties interested in the equity of redemption, concur in the prayer of the bill by resisting the usurious mortgage, and the cause is brought to final hearing upon the pleadings and proofs, a decree pronouncing the mortgage usurious, and declaring it an encumbrance only for the amount actually advanced, will not be reversed at the instance of the owner of the equity of redemption.

This was an appeal from a decree made by Whelpley, Chief Justice, sitting as judge in equity, in the Circuit Court of the county of Hunterdon. The bill was filed by Peter Polhemus to foreclose a mortgage given by Francis McCue and wife, on the 6th of April, 1858, to Elisha Warford, to secure the payment of $600; and by Warford assigned to the complainant. The premises were subject to a prior mortgage given by McCue and wife to Tobias Nash, which mortgage, the bill alleged, was executed and delivered upon an usurious contract between McCue and Nash, and was, therefore, null and void as against the complainant, and no encumbrance upon the mortgaged premises. There was also a third mortgage in order of priority upon the premises, given by McCue and wife to Luther Opdyke, and by him assigned to John F. Tinsman, also one of the defendants. Subsequent to the date of these mortgages, McCue's right and interest in the premises were sold by the sheriff under an execution at law against him, and purchased by Samuel B. Hudnit and Gabriel H. Slater, the appellants. The holders of these mortgages, and the owners of the equity of redemption, were made defendants to the bill.

Tinsman answered, claiming the amount of his mortgage as a valid encumbrance upon the premises, setting up usury as a defence against the Nash mortgage.

Hudnit and Slater answered, claiming to be the owners of the equity of redemption, admitting the mortgage of the complainant, and also the mortgage of Tinsman to be valid en-

cumbrances, but insisting that the mortgage of Nash was usurious and void, and that they purchased the premises at the sheriff's sale, with the understanding and belief that they were not subject to the encumbrance of the said mortgage.

The answer of Nash sets out the origin of the indebtedness from McCue, for which his mortgage was given, and avers that the money was advanced, and the mortgage taken upon the distinct understanding, that it should be the first encumbrance in order of priority upon the mortgaged premises, but refuses to respond to the allegation of the complainant's bill of complaint, that the mortgage is tainted with usury, and therefore null and void; and the said defendant insists that, by the laws of the state of New Jersey, and the rules of this court, he is not obliged to make answer unto the said allegation of the complainant's bill, inasmuch as he might thereby be subject to a penalty or forfeiture by the laws of this state.

Depositions having been taken, the cause was heard and argued by counsel upon the bill, answers, and proofs, when the following opinion was delivered by the court.

WHELPLEY, C. J. It is conceded, on the proof made, that Nash's mortgage was founded on an usurious contract, although the usury was not included in the mortgage, but took the shape of a note, given by way of bonus, which has not been paid.

That there was an usurious contract upon which the mortgage was given, is clear upon the evidence. The only question to be decided is, can the plaintiff and defendants avail themselves of the defence in this suit?

The bill is filed by the assignee of the second mortgage given by McCue and wife, against Nash, the first mortgagee, Tinsman, the owner of the third mortgage, and Hudnit and Slater, the purchasers of the mortgaged premises.

The bill charges, in general terms, that the Nash mortgage was executed upon an usurious contract, and void for that reason.

Nash answered the bill, passing by the allegations in regard to the usury, neither admitting, nor denying it. Tinsman answers, and sets it up; so, also, do Hudnit and Slater. Tinsman prays that he may have an opportunity to contest the Nash mortgage. Hudnit and Slater pray the interference of the court to have the mortgage declared void.

If Nash had filed his bill to foreclose, and made the other defendants and Polhemus, defendants, and such proof had been made as in this case, there can be no doubt but that the defendants would have been entitled to a decree that his mortgage was void for usury. Then the usury could have been used as a defence to the action of Nash.

But if the defendants cannot avail themselves of the defence without the aid of a court of equity, they must waive the forfeiture, and consent to pay the amount actually due. 2 *Parson's on Con.* 404, and cases there cited in *note C; Rogers* v. *Rathbun,* 1 *Johns. Ch. R.* 367; *Fanning* v. *Dunham,* 5 *Johns. Ch. R.* 122; *Fulton Bank* v. *Beach,* 1 *Paige* 433. He that asks equity must do equity.

But if a party comes into court, and asks relief, the court will compel him to do equity, although the defendant has not demurred to the bill. The court does not require the party to ask the aid of this principle by demurrer, but will give relief at the hearing. *Morgan* v. *Schermerhorn,* 1 *Paige* 544; *Ruddle* v. *Ambler,* 18 *Ark.* 369.

When a bill is filed for relief against an usurious mortgage, it will be upon terms of paying, or offering to pay, what is really due.

So stern is the court against enforcing a forfeiture, that it was held, in *Mason* v. *Gardner,* 4 *Bro. Ch. C.* 436, that a cross-bill, filed by a defendant in aid of his defence, was bad on demurrer, for not offering to pay what was due. This, it will be perceived, was a case where it was set up by way of defence to a suit brought by the usurer. This case is cited with approbation in *The Fulton Bank* v. *Beach,* and is the law of the court. The same principle has been held in our own Court of Chancery. *Saxton's Ch.* 364.

As against the complainant, beyond all question it is the duty of the court to decree for Nash's mortgage. The complainant's decree on his mortgage must be upon terms of paying Nash's mortgage, for the usury in this case was never paid.

Are the defendants, Tinsman, and Hudnit, and Slater, in any better situation to avoid the Nash mortgage, than the complainant?

In this suit they occupy both the situation of defendants and complainants. As defendants, they may contest the validity of the complainant's mortgage; that by the pleadings is put directly in issue. They are also complainants seeking relief upon their own mortgages, or, as owners of the equity, asking to have their property discharged of the usurious lien.

As to the Nash mortgage, they do not deny the loan of the money by Nash to McCue. They do not deny the execution of the mortgage in due form of law, and its record as prescribed by law, but they set up new matter, not responsive to any bill filed by Nash, not in answer to any allegation made by him; matter which the complainant had no right to set up to avoid the mortgage, without an offer to pay the amount due.

As to this new matter, they are occupying the position of complainants asking relief against Nash, that he may have the statute of usury applied to his mortgage.

Although they stand in the position of defendants nominally, that can make no difference. The defendant, Nash, did not voluntarily come into court to enforce his mortgage, and ought not to be deprived of the benefit of the principle because his antagonist occupies the nominal position of defendant, instead of that of plaintiff.

The defendants were all bound to answer the complainant's bill, if at all, at the same time. He could not lawfully pray relief against the Nash mortgage, without an offer to pay the amount due.

The defendant, Nash, was not bound to answer the allegations of the other answers. He could not have known what

they contained, unless he deferred his answer until they were filed.

Where different encumbrancers, defendants in a foreclosure suit, wish to question the validity of their several encumbrances, a proper issue cannot be formed without a cross-bill filed by the defendant, wishing to contest the validity of the claim of his co-defendant. The defendant whose claim is attacked, ought not to be deprived of the benefit of his answer.

It is true in this case that Nash did not answer the bill of complaint, but he was not bound to do it; the particulars of the usurious contract were not set forth as required by the practice of the court. *Story's Eq. Pl.,* § 393–9.

Regularly, the prayer of an answer is only to be dismissed from the court with his costs.

But the court has, in modern times, dispensed with the necessity of a cross-bill in cases where the whole matter is before the court, and the party is not thereby deprived of any of his substantial rights by a decree in the existing suit. *Ames* v. *New Jersey Franklinite Co.,* 1 *Beas.* 66; *Elliot* v. *Pell,* 1 *Paige Ch.* 268.

But the court will never dispense with a cross-bill where any of the defendants would be prejudiced by the want of one.

This is a peculiar case. The complainant might have proceeded without making Nash a party defendant. In that case the property would have been sold subject to his mortgage, and he would have been forced to assume the position of a complainant in equity, or plaintiff at law; in either of these cases the defendant might have set up usury as a defence. But the complainant has, for the purpose of disposing of his claim in this suit, made him a party defendant.

No decree can be made in this suit, except such an one as is grounded upon the prayer of the complainant's bill. The other defendants can have no relief to which the complainant is not entitled, and we have already seen that he is only entitled to a decree upon the basis of paying the amount due.

All the parties in this case ask for a decree upon the bill, answers, and proofs, as they stand. I think there must be a decree for the payment of all the mortgages, in the order of their priority. I cannot see my way clear to make any other decree.

The complainant cannot object to this decree. He brought Nash into court unnecessarily; he has come in and submitted to have such a decree made as the complainant is lawfully entitled to; he is not interested in the other encumbrances, as he is entitled to priority over them.

The other defendants, Tinsman, and Hudnit, and Slater, have not objected to his being a party to this suit in the capacity of a defendant, clothed with all the rights of a defendant. They have not asked the court for a decree subject to the rights of Nash, or to have him stricken from the bill as an improper or unnecessary party, but have asked for a decree of the court upon his rights in this suit. I think they have no cause of complaint, if this court does equity between all the contending parties.

What that is, seems to be free from doubt. The claims of all should be paid out of the proceeds of the sale, in the order of their priority.

Let there be a reference to a master to ascertain the amount due on all the encumbrances, and decrée accordingly.

The following decree was thereupon made:

This matter coming on for argument at the regular April Term of this court, held at Flemington, in and for the county of Hunterdon, in the year of our Lord one thousand eight hundred and sixty-one, in the presence of George A. Allen, esq., of counsel with the complainant, Bennet Vansyckel, esq., of counsel with Tobias Nash, Alexander Wurts, esq., of counsel with John L. Tinsman, and Edward R. Bullock, esq., of counsel with Samuel Hudnit and Gabriel H. Slater, defendants, and the bill, answer, and proofs being read, and the argument of the said counsel being heard, and the court having taken to this time for consideration, and being now of opinion that

the objections taken to the mortgage given by the said Francis McCue and wife to said Tobias Nash are inequitable, and should not prevail, but that the said mortgage, as well as the other mortgages set up in the pleadings, should be held to be encumbrances on said mortgaged premises in the order of their priority, and which said order appears from the said proofs and exhibits. It is, therefore, on this eighth day of April, in the year of our Lord one thousand eight hundred and sixty-one, by the said Circuit Court of the county of Hunterdon, ordered, adjudged, and decreed, that the said mortgages are, and the same are hereby declared to be valid and subsisting encumbrances on the premises described therein, and are entitled to priority and payment out of said premises in the following order, that is to say : In the first place, the principal and interest money mentioned in and secured by the said bond and mortgage of the said Tobias Nash, together with his taxed costs, is to be paid. In the second place, the principal and interest money mentioned in and secured by the said bond and mortgage of the said complainant is to be paid, together with his taxed costs. And in the third place, the principal and interest money mentioned in and secured by the said bond and mortgage now held by the said John L. Tinsman, assignee, &c., together with his taxed costs, is to be paid. And it is further ordered, that for the purpose of making said moneys, a sale be made of said mortgaged premises, and that for the purpose of ascertaining the amounts due and to grow due on said mortgages, respectively, that it be referred to Charles Bartles, one of the masters of the Court of Chancery of New Jersey, who is hereby directed to report thereon with all convenient speed.

Hudnit and Slater, the owners of the equity of redemption, appealed from that part of the said decree, which adjudges that the mortgage of Tobias Nash was, and is, a valid and subsisting encumbrance upon the mortgaged premises in the pleadings mentioned, and entitled to payment out

3 A*

of said premises according to its priority.   Nash answered the petition of appeal.

*Mr. Wurts*, for appellants, cited *Nix. Dig.* 552, § 6; *Constitution, Art. VI, Sec. II*, § 5, 6; *Art. VI, Sec. V*, § 3; 4 *Bro. Ch. R.* 436; *Wortman* v. *Skinner*, 1 *Beas.* 362; *Ames* v. *N. J. Franklinite Co., Ibid.* 67, 160; *Grosvenor* v. *The Flax and Hemp Man'g Co.*, 1 *Green's Ch. R.* 453; *Roberts* v. *Goff*, 4 *Barn. & Ald.* 92; 2 *Parsons on Con.* 404; 1 *Beas.* 31, 67; 3 *Halst. Ch. R.* 531.

*Mr. B. Vansyckel* and *Mr. Beasley*, for respondent, cited *Rogers* v. *Rathbun*, 1 *Johns. Ch. R.* 367; *Eagleson* v. *Shotwell, Ibid.* 537; *Fanning* v. *Dunham*, 5 *Johns. Ch. R.* 122; *Fulton Bank* v. *Beach*, 1 *Paige* 429, 433; *Morgan* v. *Schermerhorn, Ibid.* 546; *Post* v. *Bank of Utica*, 7 *Hill* 391; *Rexford* v. *Widger*, 3 *Barb. Ch. R.* 641; *Remer* v. *Shaw*, 4 *Halst. Ch. R.* 355; 3 *Daniell's Ch. Pr.* 1342; *Story's Eq. Pl.*, § 392–3; *Pattison* v. *Hull*, 9 *Cowen* 747; *Story's Eq. Pl.*, § 392, note 2; *Ames* v. *The N. J. Franklinite Co.*, 1 *Beas.* 66; *Elliott* v. *Pell*, 1 *Paige* 268; *Collard* v. *Smith*, 2 *Beas.* 43; 8 *Paige* 453; 4 *Paige* 526; 2 *Daniell's Ch. Pr.* 752, note 2; 2 *Green's R.* 503; 3 *Wend.* 579.

The opinion of the court was delivered by

GREEN, C.   A bill of foreclosure was filed in the court below by the second mortgagee.   Nash, the first mortgagee, and Hudnit and Slater, the appellants, the owners of the equity of redemption, were made parties, defendant.   The bill alleged that the mortgage of Nash was void for usury.   It prayed a sale of the mortgaged premises for the payment of the complainant's debts, and a foreclosure of the equity of redemption against all the defendants.   The appellants, Hudnit and Slater, by their answer, claimed to be the owners of the equity of redemption.   They admitted the complainant's mortgage, but insisted that the mortgage of Nash was void for usury, and constituted no encumbrance upon the mortgaged premises.   The cause was brought to final hearing

upon the pleadings and proofs. The evidence showed that the mortgage of Nash was tainted with usury ; the mortgagee having received, in addition to the mortgage for $1500, the sum advanced, a note for $200 as a bonus or additional consideration for the loan of the money. The court held that upon the state of the pleadings, the defence of usury was not available, and that the mortgagee was entitled to a decree for the sum actually advanced upon the mortgage loan.

The well settled rule in equity is, that if the lender come into a court of equity seeking to enforce a usurious contract, equity will repudiate the contract. But if the borrower seeks relief against the usurious contract, the only terms upon which the court will interfere are, that he shall pay what is really and *bona fide* due. The court acts upon the principle that it is against conscience that a party should have the relief which he asks against the contract, and at the same time keep the money which he received upon it. If he asks equity, he must do equity. If, therefore, a mortgagee asks to foreclose a usurious mortgage against the mortgagor, and the usury is established as a defence, the court will declare the contract void. But if the mortgagor asks the court to redeem the mortgaged premises, or to relieve the premises from the encumbrance of the mortgage, the relief asked for will be granted only upon the payment of the amount actually due upon the mortgage debt.

Nash, in this case, was the first mortgagee. He did not come into court asking to foreclose his mortgage. But a subsequent encumbrancer, a party holding the right of redemption, filed a bill to foreclose his mortgage, and made the first mortgagee and the owners of the equity of redemption, parties. Now as against the first mortgagee, this is not a bill to foreclose, but to redeem. He was not a necessary, nor a proper party to the suit, if the sole design was a foreclosure of the equity of redemption. The real design and effect of making him a party was, that his mortgage should be redeemed, or the encumbrance removed from the premises. Technically, this is all that could be asked as against him. And in the Irish Court of Equity where, as with us, the

mortgaged premises are sold under a bill of foreclosure, the bill is demurrable, unless the complainant offers to redeem. Under our practice, doubtless, the prior mortgagees are made parties to avoid multiplicity of suits, and so that the premises may be sold free from encumbrances, and most advantageously for the interests of the owner of the equity of redemption. But still, in strict technicality, and in its practical operation, the bill as against the first mortgagee, is a bill for redemption, not for foreclosure. The mortgage is redeemed, not technically, by the payment of the debt in advance by the complainant, but the same result is reached by its being paid or redeemed first in order out of the proceeds of the sale. By coming in with his mortgage, the first mortgagee assents to the relief prayed for by the complainant. Beyond that he asks no relief. As against him, the relief sought for will not be granted unless by his consent, or upon payment of the amount actually due upon his debt.

But it is said that the appellants, who had acquired the title of the mortgagor, and were the final owners of the equity of redemption, were also defendants in the suit, and that, as against them, the decree is illegal, because it establishes the usurious mortgage as against their rights. But so far as the interests of Nash were concerned, they assented to, and concurred in, the prayer of the bill. They insisted that the mortgage was usurious and void as against their interests. Admitting that they had a right to raise the defence of usury as against their co-defendant, their answer was in the nature of a cross-bill, and as such, in its operation, it was a prayer for relief against the Nash mortgage. Standing in the shoes of the mortgagee, they sought to relieve their title to the equity of redemption from the encumbrance of that mortgage. The whole design of the answer, and of all the evidence offered, was to obtain relief against the Nash mortgage. Clearly, the decree could not have been made, except by the assent, expressed or implied, of all the parties interested in the equity of redemption. All the subsequent encumbrancers to Nash, and the owners of the equity of redemption, were before the court upon final hearing, asking a final

decree upon proof of usury in the mortgage of Nash, who had been brought before the court simply that the premises might be relieved from his encumbrance. That was the design of the bill. That must have been the effect of the decree. Under these circumstances the court did what is admitted to be equitable. They declared that the holder of the mortgage should recover only the amount actually due.

It is now urged that the court should simply have dismissed the bill as against the first mortgagee. That is doubtless what would have been done, had either of the parties asked for it at a time when it could have been done without prejudice to the rights of the first mortgagee. But the parties had all voluntarily submitted their rights to the final disposition of the court, upon the pleadings and proofs, as they then stood. No one asked the relief which it is now insisted should have been afforded. They all asked a final disposition of the question, at the hands of the court. It was so disposed of, and in accordance with the principles of equity. Nash recovers nothing more upon his mortgage than he actually advanced. He took the mortgage for the precise sum loaned. The usury consisted in taking a note by way of bonus, which has not been paid, and is clearly valueless.

Under these circumstances, it is not perceived upon what ground these appellants can complain. They voluntarily submitted their rights to the final adjudication of the court, in the shape in which they were presented. They asked equitable relief, and they obtained it. By a reversal of the decree, Nash could not be restored to the position in which he stood before the decision in the court below. His legal rights have been virtually adjudicated. There was no difficulty in the appellants enforcing their legal title in a court of law. They might have brought ejectment, and held the premises under their title. They voluntarily submitted to an adjudication of their rights in equity. They are here in support of a strictly legal right, seeking to enforce a penalty against the respondents, to retain the whole loan of $1500,

Hudnit *v.* Nash.

and not pay a farthing of the debt. The evidence shows that in every aspect their case is destitute of all pretence of equity. They never suffered the loss of a dollar from the usury. It never operated against them. As they ask merely to enforce the penalty of the law against Nash, they cannot complain that the strictest and most technical rules should be enforced against them. Clearly, the decision of the case was made upon the sharpest technicality, upon the very *apices litigandi,* and not in accordance with the usual practice of the court when equitable interests are to be protected. If any equitable interest of these appellants had been affected, it is safe to assume that the decree never would have been made. But as the case stands, there is no reason in equity why the decree should not have been made, and certainly none why it should now be set aside to the prejudice of the respondent.

I think the decree should be affirmed.

Decree affirmed by the following vote :

*For affirmance*—The CHANCELLOR, Judges BROWN, ELMER, HAINES, OGDEN, SWAIN, VAN DYKE, VREDENBURGH, WOOD—9.

*For reversal*—COMBS, CORNELISON, KENNEDY—3.