## Alice McIver v. M. E. Clarke.

Privilege Tax. *Relief act. Laws* 1892, *p.* 31. *Limited to three prior years.*

The act of 1892 (Laws, p. 31), providing that when one required to pay a privilege tax has failed to do so, he may "pay the true amount or the balance remaining unpaid on account of such privilege for three years next preceding the passage of this act," and thus be relieved from the penalties for such non-payment as to all contracts made by him, does not apply to defaults for any year more than three years prior to the act. A contract made in 1884, void because of such default, is not validated by payment under said act.

From the chancery court of Lee county.

Hon. Baxter McFarland being disqualified, W. L. Clayton, Esq., a member of the bar, was selected as special chancellor, and presided in this case.

The question in this case is as to the right of appellee, M. E. Clarke, to recover on an account for legal services rendered appellant by the firm of Lacey & Clarke, attorneys, in 1884, which account had been transferred to appellee. The case was before this court on a former appeal, when it was held that there could be no recovery, because W. J. Lacey, one of the firm, failed to pay his privilege tax as a practicing lawyer for 1884. For a full report of the case on the former appeal, see 69 Miss., 408.

The case being remanded, the answer of complainant to the cross-bill was amended so as to show that, after the passage of the act of March 7, 1892, quoted in the opinion, the said W. J. Lacey and C. D. Clarke, composing the firm of Lacey & Clarke, had complied with the provisions of said act of 1892. It was shown that on May 6, 1892, the said W. J. Lacey paid to the tax-collector thirty dollars, being his privilege tax as a practicing lawyer for the years 1889, 1890, 1891, and also the sum of seven dollars and fifty cents, damages for the delinquency, under the provisions of said act

of 1892. On final hearing, the court held that such payment validated the contract made in 1884, and entered a decree accordingly, from which defendant appeals. The opinion contains a further statement of the case.

*W. R. Harper* and *T. J. Buchanan, Jr.*, for appellant.

The only persons entitled to avail of the act of 1892 were those whose default had occurred within three years next preceding its passage. This is expressed by the very terms of the act, and the purpose is clear. The act authorizes the payment of the privilege tax *for the three years preceding*, and applies only to contracts made during that time. It was not intended to apply to previous defaults.

*Houston & Reynolds*, on the same side.

The contract made with Lacey & Clarke in 1884, was not validated by the payment under the act of 1892. Supposing that W. J. Lacey had not been due any thing on account of his privilege tax for three years next preceding the passage of the act, could the contract made in 1884 be validated by paying a thing that was not due?

*Clarke & Clarke*, for appellee.

A much abused legislature does some good things. About the time appellant supposed she had, by a technicality, defeated appellee in the collection of an honest debt, the legislature said unto Mr. Lacey : " If you have defaulted for more than three years in respect to your much-wanted privilege tax, you can get relief by paying for full three years, and if your default is for less, you can get relief by paying the amount due." This is the clear meaning of the statute. It starts out with the declaration that it will relieve all persons under disability by reason of non-compliance with § 589, code 1880, and closes with the statement that every contract affected by such non-compliance shall be secured. Under salvation thus broad, why is it that Lacey cannot be saved?

As to his right to avail of the relief by payment, we rely upon the language of the statute itself. We also cite Cooley on Con. Lim., 466.

*Calhoon & Green*, on the same side.

As to the proposition that the act of 1892 is not retrospective beyond three years, it would seem to be sufficient to say that it is on its face plainly retroactive, and contains no limitation of time as to past defaults. The payment of three years' dues and twenty-five per cent. damages are the terms of condonation for all past delinquencies.

Woods, J., delivered the opinion of the court.

The act of March 7, 1892, entitled "An act granting relief from certain penalties, and to render enforcible certain contracts under § 589 of the code of 1880," is, in its first section, in these words : " When any person or corporation required to pay a privilege tax under the laws of this state, upon any store, trade, bank, profession, business or calling, has from any cause failed, neglected or refused, in whole or in part, to make payment of such privilege tax, and procure the proper licenses for the carrying on of such profession, business or calling, such person or corporation may, at any time within sixty days from and after the passage of this act, pay the true amount or the balance remaining unpaid by such person or corporation on account of such privilege for three years next preceding the date of the passage of this act, according to the requirements of the laws in force during such three years touching the taxes on privileges, twenty-five per centum additional; and the person or corporation making such payment of such three years taxes, or such balances remaining due and unpaid on account thereof, twenty-five per centum additional, shall thereby, and by virtue of this act, be relieved from all the pains and penalties imposed by § 589 of said code of 1880, or any law of like import in respect of the effects of such non-payment of such privilege tax on con-

tracts made by such persons or corporations; and all contracts made by such persons or corporations as shall avail themselves of the benefits of this act shall be enforcible in all the courts the same as if such privilege taxes had been paid when the same were required by law to be paid." Laws 1892, p. 31.

The second section of the act saves pending criminal prosecutions, and the third section continues in full force § 589, and laws amendatory thereof, where not inconsistent with the provisions of the act which we are considering.

The proper construction of this act will solve the controlling question presented by the present appeal, namely: Did the payment of a lawyer's privilege tax by W. J. Lacey, or some one for him, for each of the three years next preceding the seventh day of March, 1892, with twenty-five per centum additional thereto, validate the contract made by his firm in the year 1884, when, unmistakably, he did not pay the lawyer's privilege tax and procure the necessary license for practicing his profession?

We find no support for the contention that the payment of the gross amount of three years taxes, with the additional twenty-five per centum, ascertained by the laws in force during the three years next preceding March 7, 1892, is the condition upon which the state offered relief to those who had subjected themselves to the penalty of non-enforcement of their contracts by reason of failure to pay their privilege taxes, in any amount, and at any time. It is, by the words of the act, the payment of the true amount of the taxes which should have been paid, or the payment of the balance of such taxes which remain unpaid, where a smaller sum than was legally demandable had been paid, which, in certain cases, gives validity to the invalid contract, and opens the courts to its enforcement. If three years taxes are due for the three years immediately preceding the date of the passage of the relief act, or if any balance on these three years taxes is due, then the payment of the true amount of such taxes

wholly unpaid, or the payment of the balance of such taxes remaining unpaid, vitalizes the invalid contract. It is the payment of three years taxes, with damages at twenty-five per cent. on the whole sum due, for the three years immediately preceding March 7, 1892, or the payment of the balance remaining unpaid on account of such privilege taxes for the three years next preceding March 7, 1892, which gives vitality. Three years taxes must be paid, when those taxes constitute the true amount due, or the balance remaining unpaid of such taxes, with damages at the prescribed rate, when a part or parts of the taxes have been paid, but not the whole amount; and these taxes, or these balances, are confined to the three years next preceding the passage of the relief act.

To what class or classes of delinquents is grace extended on the terms prescribed? Is the offer universal? Does it embrace all who are in default, without regard to time? Or is it restricted to those who have not paid the true amount due by them, or the balances remaining unpaid by them, for the three years next preceding March 7, 1892? ·

We are of opinion that the benefits of the act are to be confined to those delinquents whose failures are confined to a short, recent period, to wit, three years, and are not designed for those other delinquents whose failures are marked and persistent, and extend through a longer period than three years. We have seen that the terms of offered grace prescribed payment of the true amount due for the three years next before March 7, 1892, or payment of the balance of such taxes remaining unpaid. To extend the terms to those delinquent for all the years antedating the prescribed three years, would be to release from the penalties of § 589 those who had failed and refused to pay their proper privilege taxes during all such antedating years, provided such presistent contemners of the law had only paid their privilege taxes for the three years next before the passage of the relief act.

Under the view which we are combating, the delinquents of six or eight or ten years have all their invalid contracts

made enforcible, freely, unconditionally, if they shall be found to have paid what they were bound to do, and what all others are required to do to obtain any relief—viz., their privilege taxes for the three years next preceding the date of the act of grace. It is difficult, perhaps impossible, to wring this interpretation out of the obscure and crudely-fashioned act, and we should not impute such an intention to the legislative department in the absence of some clear expression of the law-making power to that effect. If such had been the purpose of the act, how naturally and how easily could the legislature have declared it! It would have have been so easy to say: All persons delinquent, in whole or in part, for privilege taxes for the three years next before the date of the passage of this act, may relieve themselves of the civil disabilities imposed by § 589 of the code of 1880, by paying the true amount due, or by paying the true balance due for such taxes for said period; and for all delinquencies more than three years old, universal amnesty is proclaimed. But this is not what the legislature has said, and we cannot impute to its acts a purpose foreign to the language it has employed. We find the limit of the operation of the act disclosed three several times in the first section. The delinquent is to " pay the true amount or the balance remaining unpaid on account of such privilege for three years next preceding the passage of this act, according to the laws in force during such three years." Again: "The person making such payment of such three years taxes, or such balances remaining due and unpaid on account thereof," shall be relieved from the penalties of § 589 " in respect of the effects of such non-payment of such privilege tax on contracts made " by such delinquent. It was the legal effect of the non-payment of such privilege taxes (taxes unpaid, in whole or in part, for the three years next preceding the passage of the act), which was to be obviated on terms prescribed, and not the unconditional pardon of offenses antedating that three years period which the legislature contemplated.

We do not think the act of March 7, 1892, applicable to the case at bar; and, agreeing with the court below on its finding that W. J. Lacey had not paid the privilege tax required for the year 1884,

<em>We reverse the decree and remand the cause.</em>

*Clarke & Clarke*, for appellee,

Filed a suggestion of error, reviewing at length the language of the act of 1892, and earnestly contending that the court should reconsider its construction of the act.

They also urged that the defendant was insisting upon affirmative relief, by setting up in her cross-bill the non-payment of the privilege tax, and that therefore, without paying the debt, she was not entitled to prevail, citing, in support of this suggestion, the following authorities: 1 Pom. Eq. Jur., 391; 1 Paige, 429; *Mortgage Co.* v. *Sewell*, 9 So. R., 143; 15 Ala., 51; 50 *Ib.*, 587; 58 *Ib.*, 525; 16 N. J. Eq., 553; 17 *Ib.*, 87. It is alleged in the cross-bill that $500 is a reasonable fee, and defendant expressed her willingness to pay it.

*Response* to suggestion of error.

In the original consideration of this case, the proper construction of the act of March 7, 1892, was patiently and carefully sought to be ascertained by each member of the court. The question has been again examined by each member of the court separately, and we are constrained to deny the suggestion.